UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and LITTLE KIDS, INC., | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 06-506S |
| IMPERIAL TOY CORPORATION, | : | Jury Trial Demanded |
| Defendant | : | |

AMENDED COMPLAINT

Plaintiffs, Michael R. Schramm ("Schramm") and Little Kids, Inc. ("Little Kids"), for their Amended Complaint against Defendant Imperial Toy Corporation ("Imperial" or "Defendant") allege as follows:

Nature of the Action

1. This civil action is for infringement by Imperial of Schramm's United States Letters Patent No. Re 36,131 (the "'131 Patent") and United States Letters Patent No. RE 39,443 (the "'443 Patent") and infringement by Imperial of Little Kids's U.S. Trademark Registration Number 2,492,574. This civil action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 271 et seq. & 15 U.S.C. §§ 1051 et seq.

Parties

2. Schramm is an individual residing at 350 West 2000 South, Perry, Utah 84302.

3. Little Kids is a Rhode Island corporation with a principal place of business located at 225 Chapman Street, Suite 202, Providence, Rhode Island 02905. Little Kids is a citizen only of the State of Rhode Island. Over the past 18 years, Little Kids has grown from a start-up company with no sales, to a company with a principal place of business in Providence, a

Cranston warehouse, a workforce of more than 25 employees, and relationships with manufacturers, assemblers, product development firms and service providers who employ hundreds of people in Rhode Island for whom Little Kids is a significant account.

4. Plaintiffs are informed and believe that Defendant Imperial Toy Corporation ("Imperial") is a California corporation with its principal place of business located at 2060 East 7th Street, Los Angeles, California 90021.

Jurisdiction And Venue

5. This Honorable Court has original and exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Patent Act, and has original jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Trademark (Lanham) Act. Jurisdiction is conferred by 28 U.S.C. § 1338(b) for the substantial and related claim of unfair competition, and by 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiffs are informed and believe that this Court may properly exercise its in personam jurisdiction over the Defendant because Defendant does business in the State of Rhode Island and has sufficient minimum contacts with Rhode Island. Plaintiffs are informed and believe that Defendant sells to retailers in Rhode Island, knowing its products would be sold in Rhode Island.

7. Venue is proper in Rhode Island pursuant to 28 U.S.C. §§§ 1391(b) & (c) and 1400(b).

Background

8. Schramm invented a spill resistant bubble container and patented his invention. Schramm is the sole owner of the ‘131 Patent. The ‘131 Patent was duly and legally issued by the United States Patent and Trademark Office to Schramm. The ‘131 Patent is a reissue of

United States Patent Number 5,246,046, owned by Schramm. A copy of the ‘131 Patent is attached hereto as Exhibit A.

9. Schramm and Little Kids entered into a license agreement concerning the ‘131 Patent dated and effective as of November 21, 2005, and the agreement remains in full force and effect.

10. Schramm and Little Kids have the exclusive right to exclude others and to recover damages for infringement of the claims of the ‘131 Patent.

11. Schramm learned of sales of infringing products by Imperial in 1999 and notified Imperial of the ‘131 Patent and Imperial’s infringement.

12. Schramm attempted to negotiate a non-exclusive license of the ‘131 Patent with Imperial, but was unsuccessful in finalizing the terms of any license with Imperial.

13. Schramm advised Imperial by email of May 19, 2006 that to the extent Imperial had any rights to practice the ‘131 Patent, these rights would terminate in 30 days after the date of the email.

14. Schramm and Little Kids, having negotiated a license of the ‘131 Patent, seek to prevent Imperial from further infringement of the ‘131 Patent to the damage of both Plaintiffs.

15. Plaintiffs are informed and believe that Imperial's conduct was with actual or constructive knowledge of the ‘131 Patent, and was willful.

16. As a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered damages.

17. As a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

18. Schramm invented a spill resistant bubble container and patented his invention. Schramm is the sole owner of the ‘443 Patent. The ‘443 Patent was duly and legally issued by

the United States Patent and Trademark Office to Schramm. The ‘443 Patent is a reissue of United States Patent Number 5,908,057, owned by Schramm. A copy of the ‘443 Patent is attached hereto as Exhibit B.

19. Schramm and Little Kids entered into a license agreement concerning the ‘443 Patent dated and effective as of January 29, 2007, and the agreement remains in full force and effect.

20. Schramm and Little Kids have the exclusive right to exclude others and to recover damages for infringement of the claims of the ‘443 Patent.

21. Imperial has made sales of infringing products and intends to continue to make sales of infringing products.

22. As a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered damages.

23. As a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

<u>COUNT I</u>

(<u>Violation of Patent Act as to the ‘131 Patent</u>)

24. Plaintiffs reallege and incorporate herein by this reference the allegations of Paragraphs 1 through 23 inclusive of this Amended Complaint.

25. Defendant has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the ‘131 Patent, by making, using, offering for sale, or selling, throughout the United States, products that infringe the claims of the ‘131 Patent, and will continue to do so unless enjoined by this Court. Plaintiffs are informed and believe that the infringing products as to the ‘131 Patent include bubble toys marketed and sold by Defendant under the names Wobble Bubbler, Bubble Ball,

Spill Stoppers and Bubble Buddies, and under Defendant's product numbers 17758, 3995, 14077, 14523, 21377, 21343, 21307, 21333, 21337, 21352 and 22803.

26. Plaintiffs are informed and believe that Defendant's direct infringement, inducement of infringement or contributory infringement of the '131 Patent is willful and in deliberate disregard of Plaintiffs' rights thereunder.

27. As a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their respective business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages, for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

28. By reason of the acts and practices alleged herein, Defendant has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Plaintiffs pray for judgment in its favor and against the Defendant:

(1) for all remedies available under the Patent Act, including those under 35 U.S.C. §§ 283, 284 & 285;

(2) for a preliminary and a permanent injunction prohibiting Defendant from infringing or improperly using the '131 Patent;

(3) for a preliminary and a permanent injunction prohibiting Defendant from making, offering for sale, or selling its infringing goods;

(4) for a preliminary and a permanent injunction ordering Defendant to recall and remove from places of sale the infringing goods;

(5) for an order impounding the infringing goods;

(6) for a preliminary, and a permanent injunction ordering Defendant to deliver upon oath the infringing goods;

(7) for an accounting for all profits derived by the Defendant on the manufacture and sale of the infringing goods;

(8) for an award of compensatory damages;

(9) for an award of punitive damages;

(10) for an award of costs and attorney's fees; and

(11) for such other relief as the Court deems just.

COUNT II

(Violation of Trademark (Lanham) Act)

29. Little Kids incorporates herein by this reference the allegations of Paragraphs 1 through 28 inclusive of this Amended Complaint.

30. Little Kids owns the registered mark "Big Bubble Bucket®", U.S. Reg. No. 2492574 (the "Big Bubble Bucket Mark"), which Little Kids first used in commerce and interstate commerce on or before May 31, 1995 in connection with its bubble toy.

31. Imperial has used in interstate commerce the words, "Bubble Bucket" in promoting the sale of bubble blowing toys.

32. Imperial has used the words, "Bubble 'N Sand Bucket", "Bubblin Activity Bucket" and "Lil Bubble Bucket" in commerce in connection with sales of bubble blowing toys.

33. Imperial has infringed Little Kids's registered Big Bubble Bucket Mark, which act constitutes trademark infringement, false designation of origin and a false description of the goods effecting interstate commerce, in violation of the Trademark (Lanham) Act, 15 U.S.C. §1051 et seq., including 15 U.S.C. §§ 1114 & 1125.

34. Little Kids is informed and believes that Imperial's conduct was with actual or constructive knowledge of Little Kids' Mark, and was willful.

35. As a direct and proximate result of Defendant's acts of infringement and other violations of the law, Little Kids has suffered damages.

36. As a direct and proximate result of Defendant's acts of infringement and other violations of the law, Little Kids has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Little Kids prays for judgment in its favor and against the Defendant:

(1) for all remedies available under the Trademark Act, including under Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

(2) for a preliminary and a permanent injunction prohibiting Defendant from infringing or improperly using Little Kids's trademark;

(3) for a preliminary and a permanent injunction prohibiting Defendant from making, offering for sale, or selling its infringing goods;

(4) for a preliminary and a permanent injunction ordering Defendant to recall and remove from places of sale the infringing goods;

(5) for an order impounding the infringing goods;

(6) for a preliminary, and a permanent injunction ordering Defendant to deliver upon oath the infringing goods;

(7) for an accounting for all profits derived by the Defendant on the manufacture and sale of the infringing goods;

(8) for an award of compensatory damages;

(9) for an award of punitive damages;

(10) for an award of costs and attorney's fees; and

(11) for such other relief as the Court deems just.

COUNT III

(Declaratory Judgment)

37. Plaintiffs incorporate by this reference as though fully set forth herein paragraphs 1 through 36 inclusive of this Amended Complaint.

38. Plaintiffs believe that Defendant will claim it is authorized or licensed to practice the '131 Patent.

39. Plaintiffs deny that Schramm currently licenses or otherwise authorizes Defendant to practice the ‘131 Patent or to use any other of Schramm’s intellectual property rights.

40. Plaintiff Schramm has advised Defendant that any rights it may have had to practice the ‘131 Patent were terminated 30 days after May 19, 2006, but Plaintiffs are informed and believe that Defendant continues to practice the ‘131 Patent.

41. By reason of the foregoing, an actual controversy has arisen and exists between Plaintiffs and Defendant as to whether Defendant has any rights to practice the ‘131 Patent.

WHEREFORE, Plaintiffs request that:

(1) This Court enter a judgment declaring that Defendant has no and had no rights to practice the '131 Patent and if Defendant had such rights, those rights have been terminated;

(2) Defendant be enjoined pending the final adjudication of this action, and permanently thereafter, from practicing the '131 Patent;

(3) Such other and further relief as deemed appropriate by the Court.

COUNT IV

(Breach of Contract)

42. Plaintiffs reallege and incorporate by this reference paragraphs 1 through 41 of this Amended Complaint.

43. Although Plaintiff Schramm believes that Defendant has no rights to practice the '131 Patent or to use any other of Schramm's intellectual property rights, if Defendant has or had any rights pursuant to an agreement with Plaintiff Schramm, Plaintiff Schramm is informed and believes that Defendant has breached that agreement by failing to notify Plaintiff Schramm of sales of infringing product and by failing to pay royalties owed.

44. Defendant's breaches have caused Plaintiff Schramm damages.

WHEREFORE, Plaintiff Schramm demands judgment against Defendant for:

(1) an accounting as to the identity of all infringing products sold by Defendant, and the date and volume of such sales;

(2) payment of all royalties owed under any agreement;

(3) interest, costs and fees; and

(4) such other and further relief as deemed appropriate by the Court.

COUNT V

(Violation of Patent Act as to the '443 Patent)

45. Plaintiffs reallege and incorporate by this reference paragraphs 1 through 44 of this Amended Complaint.

46. Defendant has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the '443 Patent, by making, using, offering for sale, or selling, throughout the United States, products that infringe the claims of the '443 Patent, and will continue to do so unless enjoined by this Court. Plaintiffs are informed and believe that the infringing products as to the '443 Patent include

bubble toys marketed and sold by Defendant under the name Bubbles N' Sand Bucket believed to be under Defendant's product number 21340 and Bubblin' Activity Bucket under Defendant's product number 22804.

47. As a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their respective business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages, for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

48. By reason of the acts and practices alleged herein, Defendant has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Plaintiffs pray for judgment in its favor and against the Defendant:

(1) for all remedies available under the Patent Act, including those under 35 U.S.C. §§ 283, 284 & 285;

(2) for a preliminary and a permanent injunction prohibiting Defendant from infringing or improperly using the '443 Patent;

(3) for a preliminary and a permanent injunction prohibiting Defendant from making, offering for sale, or selling its infringing goods;

(4) for a preliminary and a permanent injunction ordering Defendant to recall and remove from places of sale the infringing goods;

(5) for an order impounding the infringing goods;

(6) for a preliminary, and a permanent injunction ordering Defendant to deliver upon oath the infringing goods;

(7) for an accounting for all profits derived by the Defendant on the manufacture and sale of the infringing goods;

(8) for an award of compensatory damages;

(9) for an award of costs and attorney's fees; and

(10) for such other relief as the Court deems just.

Plaintiffs,

MICHAEL R. SCHRAMM and
LITTLE KIDS, INC.

/s/ Robert D. Fine

Robert D. Fine (# 2447)
Richard D. Zimmerman (#4043)
Douglas J. Emanuel (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

JURY TRIAL DEMANDED

/s/ Robert D. Fine

Robert D. Fine (#2447)

Dated: February 1, 2007