**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and LITTLE KIDS, INC., Plaintiffs, | ) | |
| v. | ) | CA No. 06-506 S |
| IMPERIAL TOY CORPORATION, Defendant. | ) | |

**RESPONSE INCLUDING ANSWER TO THE COMPLAINT**

Defendant, called "Imperial Toy Corporation" in the complaint, and actually being named Imperial Toy LLC ("Imperial"), for its response to the complaint of Mr. Michael R. Schramm and Little Kids, Inc. ("Schramm," "Little," and together "plaintiffs"), and for its eleven counterclaims, states as follows:

**Nature of the Action**

**Plaintiff's Allegation No. 1**

1. Plaintiffs allege that (a) this civil action is for infringement by "Imperial" of Schramm's United States Letters Patent No. Re 36,131 (the "131 Patent"), Schramm's United States Letters Patent No. RE 39,443 (the "443 patent"), and infringement by Imperial of Little's U.S. Trademark Registration Number 2,492,574, and (b) this civil action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 271 et seq. & 15 U.S.C. §§ 1051 et seq.

**The Response of Imperial to this Allegation**

1. Imperial acknowledges the alleged nature of the action. Imperial denies its true nature, and its merit. On its lack of its alleged nature, Imperial responds that the true nature of the action is in two parts: (a) to attempt to free Mr. Schramm from a patent license agreement between Imperial and Mr. Schramm, from which Mr. Schramm cannot legally be freed; and (b) to attempt to "get even" with Imperial Toy Corporation for a successful lawsuit against Little from 2003.

**Parties**

**Plaintiffs' Allegation No. 2**

2. Plaintiffs allege that Schramm is an individual residing at 350 West 2000 South, Perry, Utah 84302.

**The Response of Imperial to this Allegation**

2. In the course of having a patent license agreement with Mr. Schramm, Imperial has received correspondence at its offices in Los Angeles, California from Mr. Schramm with a Perry, Utah address stated on such correspondence. Consistently, Imperial accepts that in his complaint, Mr. Schramm states his address correctly.

**Plaintiffs' Allegation No. 3**

3. Plaintiffs allege that (a) Little is a Rhode Island corporation with a principal place of business located at 225 Chapman Street, Suite 202, Providence, Rhode Island 02905, (b) Little is a citizen only of the State of Rhode Island, (c) over the past 18

years, Little has grown from a start-up company with no sales, to a company with a principal place of business in Providence, a Cranston warehouse, a workforce of more than 25 employees, and relationships with manufacturers, assemblers, product development firms and service providers who employ hundreds of people in Rhode Island for whom Little is a significant account.

**The Response of Imperial to this Allegation**

3. Imperial is aware that Little is a Rhode Island corporation with a principal place of business as claimed, because Little was Imperial Toy Corporation's customer. In early 2003, Little forced Imperial Toy Corporation to sue Little for breach of contract, see Exhibit A. Imperial Toy Corporation recovered on its complaint against Little, when Little yielded to the merit of Imperial's claims and paid accordingly.

**Plaintiffs' Allegation No. 4**

4. Plaintiffs allege they are informed and believe that Imperial Toy Corporation is a California corporation with its principal place of business located at 2060 East 7th Street, Los Angeles, California 90021.

**The Response of Imperial to this Allegation**

4. Imperial denies that it is Imperial Toy Corporation, a California corporation by that name. Although Imperial is sometimes called "Imperial Toy Corporation," it is a limited liability company named Imperial Toy LLC, with its principal place of business in California. Further, Imperial Toy LLC is the successor in interest to

Imperial Toy Corporation, founded by a remarkable man and philanthropist, Mr. Fred Kort, now deceased. In his lifetime, after surviving the Holocaust and specifically the Treblinka death camp as a child, see Exhibit B, and after other occupations, id., Mr. Kort started Imperial Toy from nothing and developed the company, to benefit children in their childhoods. He did this in response to his own loss of the joys of childhood. Imperial Toy Corporation and now Imperial Toy LLC have been true to Mr. Kort's vision and have benefited children ever since, with Imperial Toy LLC now being a privately held toy manufacturer that leads the toy industry in domestic toy units shipped and is the worldwide number one producer of children's bubble toys and related products. See Exhibit C. Imperial Toy is the creator and marketer of such brands as Miracle® Bubbles, Super Miracle® Bubbles, Petite Miss® and Buddy L®, the last brand being that of the line of durable, tough toy trucks well known since 1921. Imperial also holds the exclusive licensing rights to produce bubble toys for Little Tikes® as well as outdoor seasonal Little Tikes® toys. The company has manufacturing and distribution facilities in Memphis, Los Angeles, Tijuana and a showroom in New York City at the International Toy Center. It also maintains sourcing and design offices in Hong Kong. Imperial has wide distribution into the children's toy departments of mass-market retailers such as Wal-Mart, Kmart, Walgreens, Target, Kohl's, Toys 'R Us, KB Toys, Kroger and Meijer.

## Jurisdiction And Venue

**Plaintiffs' Allegation No. 5**

5. Plaintiffs allege that (a) this Court has original and exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Patent Act, and

has original jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Trademark (Lanham) Act, (b) jurisdiction is conferred by 28 U.S.C. § 1338(b) for the substantial and related claim of unfair competition, and by 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and (c) the Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C §1367.

**The Response of Imperial to this Allegation**

5. Imperial acknowledges that the district courts of the United States have original and exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a) of actions that arise under the Patent Act. It acknowledge that the district courts of the United States have original and not exclusive jurisdiction under 28 U.S.C. § 1338(a) of actions arising under the Trademark (Lanham) Act. The complaint does not include an unfair competition claim, and Imperial denies that jurisdiction is conferred on any court of the United States in this situation by 28 U.S.C. § 1338(b) by reason of any substantial and related claim of unfair competition. Imperial notes that the complaint begins with Plaintiffs' allegation No. 1, which is a statement that this case is as follows:

> This civil action is for infringement by Imperial of Schramm's United States Letters Patent No. Re 36,131 (the "131 Patent") and United States Letters Patent No. RE 39,443 (the "443 patent") and infringement by Imperial of Little's U.S. Trademark Registration Number 2,492,574. This civil action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 271 et seq. & 15 U.S.C. §§ 1051 et seq.

Thus, plaintiffs acknowledge by the first paragraph of their own complaint that they do not include an action for unfair competition in their complaint. Imperial denies that the federal courts have jurisdiction over patent and trademark cases under 28 U.S.C. § 1331 because they are civil actions arising under the laws of the United States. Imperial acknowledges that the district courts of the United States have supplemental jurisdiction over related state law claims pursuant to 28 U.S.C §1367. Since, however, the true nature of this case is one to attempt to free the plaintiff Mr. Schramm from a patent license agreement between Imperial Toy and Mr. Schramm, from which Mr. Schramm cannot legally be freed, Imperial denies that this Court has subject matter jurisdiction.

**Plaintiffs' Allegation No. 6**

6. Plaintiffs allege that they are informed and believe that (a) this Court may properly exercise its in personam jurisdiction over Imperial Toy Corporation because Imperial Toy Corporation does business in the State of Rhode Island and has sufficient minimum contacts with Rhode Island, and (b) that it sells to retailers in Rhode Island knowing its products would be sold in Rhode Island.

**The Response of Imperial to this Allegation**

6. Imperial denies that this Court has personal jurisdiction over Imperial for either of the stated reasons. Imperial Toy Corporation sold products to Little in 2003. See Exhibit A at its Exhibit A. Imperial denies that the Court has personal jurisdiction over Imperial based on the alleged, current circumstances, for reasons including that Imperial Toy Corporation does not currently sell products. Imperial does not do business in the

State of Rhode Island nor have sufficient minimum contacts with Rhode Island. Specifically, Imperial does not sell products to retailers in Rhode Island and is not aware of any of its products being sold in Rhode Island. Therefore, Imperial denies that this Court may properly exercise its personal jurisdiction over Imperial in the State of Rhode Island.

**Plaintiffs' Allegation No. 7**

7. Plaintiffs allege that venue is proper in Rhode Island pursuant to 28 U.S.C. §§§ 1391 (b) & (c) and 1400(b).

**The Response of Imperial to this Allegation**

7. Imperial denies that venue is proper in Rhode Island pursuant to 28 U.S.C. §§§1391 (b) and (c) and 1400 (b) since Imperial does not have a principal place of business in Rhode Island, a substantial part of the allegations of infringement did not occur in Rhode Island, and Imperial is not properly subject to personal jurisdiction in Rhode Island.

## Background

**Plaintiffs' Allegation No. 8**

8. Plaintiffs allege that (a) Schramm invented a spill resistant bubble container and patented his invention, (b) Schramm is the sole owner of the '131 Patent, (c) the '131 Patent was duly and legally issued by the United States Patent and Trademark Office to Schramm, (d) the '131 Patent is a reissue of United States Patent Number

5,246,046 owned by Schramm, and (e) a copy of the '131 Patent is attached hereto as Exhibit A.

**The Response of Imperial to this Allegation**

8. Imperial admits that the '131 patent is issued, and lists Schramm as its inventor. Imperial otherwise denies the allegations of plaintiffs' allegation no. 8.

**Plaintiffs' Allegation No. 9**

9. Plaintiffs allege that Schramm and Little entered into a license agreement concerning the '131 Patent dated and effective as of November 21, 2005 and the agreement remains in full force and effect.

**The Response of Imperial to this Allegation**

9. Imperial is without information or knowledge sufficient to form a belief as to the truth of the averment, so states, and this has the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b). Further, Imperial notes that (a) Imperial entered into a license agreement with Schramm concerning the '131 Patent, and any license to Little cannot be exclusive, (b) plaintiffs do not allege that any license is exclusive, (c) Little therefore lacks standing and capacity to sue Imperial for patent infringement, (d) Little's claim should be dismissed, *Bicon Inc. v. Straumann Co.*, 441 F3d 945 (Fed.Cir. 2006), and (e) for lack of relationship to Rhode Island, the action for patent infringement should be transferred to the Central District of California.

**Plaintiffs' Allegation No. 10**

10. Schramm and Little allege that they have the exclusive right to exclude others and to recover damages for infringement of the claims of the '131 Patent.

**The Response of Imperial to this Allegation**

10. Imperial is without information or knowledge sufficient to form a belief as to the truth of the averment, so states, and this has the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b). Further, Imperial notes that (a) Imperial entered into a license agreement with Schramm concerning the '131 Patent, and any license to Little cannot be exclusive, (b) plaintiffs do not allege that any license is exclusive, (c) Little therefore lacks standing and capacity to sue Imperial for patent infringement, (d) Little's claim should be dismissed, *Bicon Inc. v. Straumann Co.*, 441 F3d 945 (Fed.Cir. 2006), and (e) for lack of relationship to Rhode Island, the action for patent infringement should be transferred to the Central District of California.

**Plaintiffs' Allegation No. 11**

11. Plaintiffs allege that Schramm learned of sales of infringing products by Imperial in 1999 and notified Imperial of the '131 Patent and Imperial's infringement.

**The Response of Imperial to this Allegation**

11. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. In 1999, on or about July 30, Schramm sent Imperial Toy Corporation a letter that he said was "Re: Offer of License to US Patent RE 36,161," and asserting (a) that he had recently become aware of Imperial Toy Corporation's No-Spill Bubble Submarine and No Spill Miracle Bubble products, (b) that he was enclosing a copy of the '131 patent, and (c) that he believed that after a review of his patent in light of the no-spill products sold by Imperial Toy Corporation, Imperial Toy Corporation would agree that a license under the patent would provide legal access to technology necessary to the continued marketing and sale of the products. See Exhibit D attached. Except as admitted by this statement, Imperial denies the allegations of plaintiffs' allegation no. 11.

**Plaintiffs' Allegation No. 12**

12. Plaintiffs allege that Schramm attempted to negotiate a non-exclusive license of the '131 Patent with Imperial Toy Corporation, but was unsuccessful in finalizing the terms of any license with Imperial Toy Corporation.

**The Response of Imperial to this Allegation**

12. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. After Schramm offered Imperial Toy Corporation a license to his patent, Imperial Toy Corporation accepted the license in major part by paying royalties to Schramm for the license from that time through a time in

2006, which royalties Schramm accepted from 1999 through a time in 2006 as payments for the license. See Exhibit E. Except as admitted by this statement, Imperial denies the allegations of plaintiffs' allegation no. 12.

**Plaintiffs' Allegation No. 13**

13. Plaintiffs allege that Schramm advised Imperial by e-mail of May 19, 2006 that to the extent Imperial had any rights to practice the '131 Patent, these rights would terminate in 30 days after the date of the email.

**The Response of Imperial to this Allegation**

13. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. After Schramm offered Imperial Toy a license to his patent, Imperial Toy accepted it, paid for it, and Schramm accepted payments from 1999 through the middle of 2006. Then, Schramm sent Imperial a letter titled "Notice Regarding Rights Under US Patent RE36,131, stating (a) several years earlier, he discussed with Imperial Toy concerns he held that Imperial Toy's Submarine and Bubble Bottle products infringed his '131 patent, (b) he had made clear an expectation that Imperial would not manufacture any more of the products, and not ship or sell more, (c) he attempted to enter into a written license for the '131 patent, (d) he and Imperial had not been able to reach agreement on a license, (e) the letter he was sending was giving notice that effective 30 days in the future, any rights Imperial had to practice the '131 patent were terminated, (e) that he would consider a limited future license to cover existing inventory, products on order and existing orders to fill, and (f) that he looked

forward to a reply and hoped to discuss and resolve the issues he was raising. See Exhibit F. Imperial attempted several times to do exactly what Schramm said he would do, negotiate a limited license of rights to cover existing inventory, products on order, and existing orders to fill. See Exhibit G. Schramm was nonresponsive. See Exhibit G. Except as admitted by these statements, Imperial denies the allegations of plaintiffs' allegation no. 13.

**Plaintiffs' Allegation No. 14**

14. Plaintiffs allege that Schramm and Little, having negotiated a license of the '131 Patent, seek to prevent Imperial from further infringement of the '131 Patent to the damage of both Plaintiffs.

**The Response of Imperial to this Allegation**

14. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Schramm and Little seek to prevent Imperial from further infringement of the '131 Patent to the damage of both Plaintiffs, since Schramm and Imperial Toy negotiated a license of the '131 Patent.

**Plaintiffs' Allegation No. 15**

15. Plaintiffs allege that they are informed and believe that Imperial's conduct was with actual or constructive knowledge of the '131 Patent, and was willful.

**The Response of Imperial to this Allegation**

15. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Plaintiffs are informed and believe that Imperial's conduct was with actual or constructive knowledge of the '131 Patent such as to be willful.

**Plaintiffs' Allegation No. 16**

16. Plaintiffs allege that as a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered damages.

**The Response of Imperial to this Allegation**

16. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Plaintiffs have suffered damages as a direct and proximate result of acts of infringement and other violations of the law by Imperial.

**Plaintiffs' Allegation No. 17**

17. Plaintiffs allege that as a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

**The Response of Imperial to this Allegation**

17. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

**Plaintiffs' Allegation No. 18**

18. Plaintiffs allege that (a) Schramm invented a spill resistant bubble container and patented his invention, (b) Schramm is the sole owner of the '443 Patent, (c) the '443 Patent was duly and legally issued by the United States Patent and Trademark Office to Schramm, (d) the '443 Patent is a reissue of United States Patent Number 5,908,057, owned by Schramm, and (e) a copy of the '443 Patent is attached to the complaint as Exhibit D.

**The Response of Imperial to this Allegation**

18. Imperial admits that the '443 patent is issued, and lists Schramm as its inventor. Imperial otherwise denies the allegations of plaintiffs' allegation no. 18.

**Plaintiffs' Allegation No. 19**

19. Plaintiffs allege that Schramm and Little entered into a license agreement concerning the '443 Patent dated and effective as of January 29, 2007 and the agreement remains in full force and effect.

**The Response of Imperial to this Allegation**

19. Imperial is without information or knowledge sufficient to form a belief as to the truth of the averment, so states, and this has the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b).

**Plaintiffs' Allegation No. 20**

20. Schramm and Little allege that they have the exclusive right to exclude others and to recover damages for infringement of the claims of the '443 Patent.

**The Response of Imperial to this Allegation**

20. Imperial is without information or knowledge sufficient to form a belief as to the truth of the averment, so states, and this has the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b). Further, Imperial notes that (a) plaintiffs do not allege that any license is exclusive, (b) Little therefore lacks standing and capacity to sue Imperial for patent infringement, (c) Little's claim should be dismissed, *Bicon Inc. v. Straumann Co.*, 441 F3d 945 (Fed.Cir. 2006), and (d) for lack of relationship to Rhode Island, the action for patent infringement should be transferred to the Central District of California.

**Plaintiffs' Allegation No. 21**

21. Plaintiffs allege that Imperial has made sales of infringing products and intends to continue to make sales of infringing products.

**The Response of Imperial to this Allegation**

21. In their allegation 46, Plaintiffs' lawyers have accused Imperial's products Bubbles N Sand Bucket and Bubblin Activity Bucket. No other products are accused. In correspondence in the form of e-mails, Plaintiffs' lawyers have accused these products of infringement of claim 21 of the '443 patent. No other claim is implicated. But Schramm's '443 patent is directed consistent with its title, description, claims and prosecution file history to an automatic and fluid powered bubble making machine, also called a "non-cavitation bubble creation apparatus." In contract, Imperial's accused products are buckets with standard bubble "wands," not automatic or fluid powered bubble machines or non-cavitation bubble creation apparatus, and the allegations of infringement of the 443' patent are at best disingenuous and at worst violative of minimum standards required for pleadings. Imperial therefore denies the allegation of infringement that is plaintiffs' paragraph 21.

**Plaintiffs' Allegation No. 22**

22. Plaintiffs allege that as a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered damages.

**The Response of Imperial to this Allegation**

22. Imperial incorporates by reference its response to plaintiffs' allegation 22. As revealed by the foregoing response, Imperial denies that Plaintiffs have suffered damages as a direct and proximate result of acts of infringement and other violations of the law by Imperial.

**Plaintiffs' Allegation No. 23**

23. Plaintiffs allege that as a direct and proximate result of Imperial's acts of infringement and other violations of the law, Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

**The Response of Imperial to this Allegation**

23. Imperial incorporates by reference its response to plaintiffs' allegation 22. As revealed by the foregoing response, Imperial denies that Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT I**

**(Alleged Violation of Patent Act as to the '131 Patent)**

**Plaintiffs' Allegation No. 24**

24. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 23 inclusive of their Amended Complaint.

**The Response of Imperial to this Allegation**

24. Imperial realleges and incorporates by reference its response to allegations nos. 1 through 23 as its response to allegation 24. Further, Imperial denies that all such allegations relate to the claim of Count I of the complaint.

**Plaintiffs' Allegation No. 25**

25. Plaintiffs allege that Imperial Toy has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the '131 Patent by making, using, offering for sale, or selling throughout the United States, products that infringe the claims of the '131 Patent, and will continue to do so unless enjoined by this Court. Plaintiffs are informed and believe that the infringing products include bubble toys marketed and sold by Defendant under the names Wobble Bubbler, Bubble Ball, Spill Stoppers and Bubble Buddies, and under Defendant's product numbers 17758, 3995, 14077, 14523, 21377, 21343, 21307, 21333, 21337, 21352 and 22803.

**The Response of Imperial to this Allegation**

25. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Imperial has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the '131 Patent by making, using, offering for sale, or selling throughout the United States, products that infringe the claims of the '131 Patent, and will continue to do so unless enjoined by this Court. Imperial denies that Plaintiffs are informed and believe that the infringing products include bubble toys marketed and sold by Defendant under the names Wobble Bubbler, Bubble Ball, Spill Stoppers and Bubble Buddies, and under Defendant's product numbers 17758, 3995, 14077, 14523, 21377, 21343, 21307, 21333, 21337, 21352 and 22803.

**Plaintiffs' Allegation No. 26**

26. Plaintiffs allege they are informed and believe that Imperial is not only an infringer, but that its alleged direct infringement, inducement of infringement or contributory infringement of the '131 Patent is willful and in deliberate disregard of Plaintiffs' rights thereunder.

**The Response of Imperial to this Allegation**

26. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that Plaintiffs are informed and believe that Imperial is not only an infringer, but that its alleged direct infringement, inducement of infringement or contributory infringement of the '131 Patent is willful and in deliberate disregard of Plaintiffs' rights thereunder.

**Plaintiffs' Allegation No. 27**

27. Plaintiffs allege that as a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and unless such acts and practices are enjoined by the Court will continue to be injured in their respective business and property rights and have suffered, are suffering and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

**The Response of Imperial to this Allegation**

27. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that as a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and unless such acts and practices are enjoined by the Court will continue to be injured in their respective business and property rights and have suffered, are suffering and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

**Plaintiffs' Allegation No. 28**

28. Plaintiffs allege that by reason of the acts and practices alleged in their Complaint, Imperial has caused, is causing and, unless such acts and practices are enjoined by the Court will continue to cause immediate and irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

**The Response of Imperial to this Allegation**

28. Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 are at best half-truths, and at worst, an effort to work a fraud on a court. As revealed by the foregoing responses, Imperial denies that by reason of the acts and practices alleged herein, Imperial Toy has caused, is causing and, unless such acts and practices are enjoined by the Court will continue to cause immediate and irreparable harm to Plaintiffs for which they have no

adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Imperial prays for judgment in its favor and against the Plaintiffs as follows:

(i) that Plaintiffs receive none of their requested relief, and that

(ii) instead, this Court awards Imperial all remedies available for Imperial under the Patent Act, including but not limited to that available under 35 U.S.C. §§ 285, it being an award to Imperial of its attorneys fees, this being an exceptional case by reasons including Plaintiffs' allegations in paragraphs 11 – 17 and 24 - 28 being at best half-truths, and at worst, an effort to work a fraud on a court;

(iii) also instead, this Court awards Imperial all remedies otherwise available for Imperial under all other applicable statutes and rules, including but not limited to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplied proceedings, Rule 11 of the Federal Rules of Civil Procedure, state law, and the inherent powers of this Court; and

(iv) granting Imperial such other and further relief as the Court deems fair and equitable.

**COUNT II**

(Alleged Violation of Trademark (Lanham) Act)

**Little's Allegation No. 29**

29. Little states it incorporates by reference the allegations of Paragraphs 1 through 28 inclusive of this Amended Complaint.

**The Response of Imperial to this Allegation**

29. The allegations of Paragraphs 8 through 28 are immaterial to this Count II insofar as they concern alleged patent infringement. Imperial incorporates by reference its responses to allegations nos. 1 – 7, and insofar as it must, its responses to allegations nos. 8 – 28, as its response to this allegation no. 29.

**Little's Allegation No. 30**

30. Little alleges that it owns the registered mark "Big Bubble Bucket®," U.S. Reg. No. 2492574 (the "Big Bubble Bucket Mark"), and that Little first used the mark in commerce and interstate commerce on or before May 31, 1995 in connection with its bubble toy.

**The Response of Imperial to this Allegation**

30. Imperial is without information or knowledge sufficient to form a belief as to the truth of the averment, so states, and this has the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b).

**Little's Allegation No. 31**

31. Little alleges that Imperial has used in interstate commerce the words, "Bubble Bucket" in promoting the sale of bubble blowing toys.

**The Response of Imperial to this Allegation**

31. Imperial denies that it has used in interstate commerce the words "Bubble Bucket" in promoting the sale of bubble blowing toys.

**Little's Allegation No. 32**

32. Little alleges that Imperial has used the words, "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" in commerce in connection with sales of bubble blowing toys.

**The Response of Imperial to this Allegation**

32. Imperial denies that it has used the words, "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" in commerce in connection with sales of bubble blowing toys.

**Little's Allegation No. 33**

33. Little alleges that Imperial has infringed Little's registered Big Bubble Bucket Mark, which act allegedly constitutes trademark infringement, false designation of origin and a false description of the goods effecting interstate commerce, in violation of

the Trademark (Lanham) Act, 15 U.S.C. § 1051 et seq., including 15 D.S.C. §§ 1114 & 1125.

**The Response of Imperial to this Allegation**

33. Imperial denies that it has infringed Little's registered Big Bubble Bucket Mark, or that it has committed acts which constitute trademark infringement, false designation of origin and a false description of the goods effecting interstate commerce, in violation of the Trademark (Lanham) Act, 15 U.S.C. § 1051 et seq., including 15 D.S.C. §§ 1114 & 1125.

**Little's Allegation No. 34**

34. Little alleges it is informed and believes that Imperial's conduct was with actual or constructive knowledge of Little's marks and was willful.

**The Response of Imperial to this Allegation**

34. Imperial denies that its alleged conduct occurred or was with actual or constructive knowledge of Little's marks and was willful.

**Little's Allegation No. 35**

35. Little alleges that as a direct and proximate result of Imperial's acts of infringement and other violations of the law, Little has suffered damages.

**The Response of Imperial to this Allegation**

35. Imperial denies its alleged acts, the alleged proximate cause, and that Little has suffered damages.

**Little's Allegation No. 36**

36. Little alleges that as a direct and proximate result of acts of infringement and other violations of the law by Imperial, Little has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

**The Response of Imperial to this Allegation**

36. Imperial denies its alleged acts, the alleged proximate cause, and irreparable harm to Little.

WHEREFORE, Imperial prays for judgment in its favor and against the Little:

(1) that Little be denied its requested relief;

(2) that Imperial receive an award of costs and attorneys fees; and

(3) all such other relief as the Court deems just.

**COUNT III**

(Declaratory Judgment)

**Plaintiffs' Allegation No. 37**

37. Plaintiffs incorporate by reference paragraphs 1 through 36 inclusive of the amended complaint as their allegation no. 37.

**The Response of Imperial to this Allegation**

37. Imperial incorporates by reference its responses 1 through 36 inclusive of this response to the amended complaint as its response to this allegation. Further, Imperial denies that all such allegations relate to the claim of Count III of the amended complaint.

**Plaintiffs' Allegation No. 38**

38. Plaintiffs allege they believe that Imperial will claim it is authorized or licensed to practice the '131 Patent.

**The Response of Imperial to this Allegation**

38. Plaintiffs are correct that Imperial believes it is authorized and licensed to practice the '131 patent, because it is in fact so authorized and licensed. In 1999, on or about July 30, Schramm sent Imperial Toy Corporation a letter that he said was "Re: Offer of License to US Patent RE36,161," and asserting (a) that he had recently become aware of Imperial Toy Corporation's No-Spill Bubble Submarine and No Spill Miracle Bubble products, (b) that he was enclosing a copy of the '131 patent, and (c) that he believed that after a review of his patent in light of the no-spill products sold by Imperial Toy Corporation, Imperial Toy Corporation would agree that a license under the patent would provide legal access to technology necessary to the continued marketing and sale of the products. See Exhibit D attached. After Schramm offered Imperial Toy Corporation this license to his patent, Imperial Toy Corporation accepted the license in major part by paying royalties to Schramm for the license from that time through a time in 2006, to a

total sum in excess of sixty thousand dollars ($60,000.00), which royalties Schramm accepted from 1999 through a time in 2006 as payments for the license. See Exhibit E.

**Plaintiffs' Allegation No. 39**

39. Plaintiffs deny that Schramm currently licenses or otherwise authorizes Imperial to practice the '131 Patent or to use any other of Schramm's intellectual property rights.

**The Response of Imperial to this Allegation**

39. Imperial denies this denial. Schramm licensed and authorized Imperial to practice the '131 Patent and received and accepted royalties from Imperial from 1999 through a time in 2006 as payments for the license. Imperial is currently licensed and authorized to practice the '131 patent. See Exhibit E.

**Plaintiffs' Allegation No. 40**

40. Plaintiff Schramm alleges that he has advised Imperial that any rights it may have had to practice the '131 Patent were terminated 30 days after May 19, 2006, and Plaintiffs alleged they are informed and believe that Imperial continues to practice the '131 Patent.

**The Response of Imperial to this Allegation**

40. Plaintiffs' allegations in paragraph 40 are at best half-truths, and at worst, an effort to work a fraud on a court. After Schramm offered Imperial Toy a license to his

patent, Imperial Toy accepted it, paid for it, and Schramm accepted payments from 1999 through the middle of 2006. Then, Schramm sent Imperial Toy a letter titled "Notice Regarding Rights Under US Patent RE36,131, stating (a) several years earlier, he discussed with Imperial Toy concerns he held that Imperial Toy's Submarine and Bubble Bottle products infringed his '131 patent, (b) he had made clear an expectation that Imperial would not manufacture any more of the products, and not ship or sell more, (c) he attempted to enter into a written license for the '131 patent, (d) he and Imperial had not been able to reach agreement on a license, (e) the letter he was sending was giving notice that effective 30 days in the future, any rights Imperial Toy had to practice the '131 patent were terminated, (e) that he would consider a limited future license to cover existing inventory, products on order and existing orders to fill, and (f) that he looked forward to a reply and hoped to discuss and resolve the issues he was raising. See Exhibit F. Imperial attempted several times to do exactly what Schramm said he would do, negotiate a limited license of rights to cover existing inventory, products on order, and existing orders to fill. See Exhibit G. Schramm was nonresponsive. See Exhibit G. Except as admitted by these statements, Imperial denies the allegations in plaintiffs' paragraph 40.

**Plaintiffs' Allegation No. 41**

41. By reason of the foregoing, an actual controversy has arisen and exists between Plaintiffs and Defendant as to whether Defendant has any rights to practice the '131 Patent.

**The Response of Imperial to this Allegation**

41. Imperial denies that by reason of the foregoing, an actual controversy has arisen between Plaintiffs and Imperial as to whether Imperial has any rights to practice the '131 patent. Schramm licensed and authorized Imperial to practice the '131 Patent and received and accepted royalties from Imperial from 1999 through a time in 2006 as payments for the license. See Exhibit E. Further, while Imperial attempted several times to negotiate a limited license of rights in 2006, as offered by Schramm, to cover existing inventory and existing orders to fill, Schramm was nonresponsive. See Exhibit G. Therefore, in the absence of a new agreement, Imperial retains the rights of its prior license, and has rights to practice the '131 patent based on that license.

WHEREFORE, Imperial requests that this Court:

(1) deny Plaintiffs their requested relief;

(2) declare that Imperial is licensed; and

(3) award all such other and further relief as deemed appropriate by the Court.

**COUNT IV**

(Breach of Contract)

**Schramm's Allegation No. 42**

42. Schramm realleges and incorporates by reference paragraphs 1 through 41 of the Amended Complaint as his allegation 42.

**The Response of Imperial to this Allegation**

42. Imperial realleges and incorporates by reference paragraphs 1 through 41 of its responses to the allegations of the amended complaint as its response 42. Further, Imperial denies that all such allegations relate to the claim of Count IV of the complaint.

**Schramm's Allegation No. 43**

43. Schramm alleges that (a) he believes that Imperial has no rights to practice the '131 Patent, and (b) that if Imperial has or had any rights pursuant to an agreement with him, he is informed and believes that Imperial has breached that agreement by failing to notify him of sales of infringing product and by failing to pay royalties owed.

**The Response of Imperial to this Allegation**

43. Imperial denies the allegations of paragraph 43 of the amended complaint. Further, Imperial states it notified Schramm of sales and paid royalties as in Exhibit E, thereby meeting all its requirements under its contract, except as excused or prevented by Schramm's conduct.

**Schramm's Allegation No. 44**

44. Schramm alleges that breaches by Imperial have caused Schramm damages.

**The Response of Imperial to this Allegation**

44. Imperial denies breaches by Imperial, proximate cause, and damage to Schramm.

WHEREFORE, Imperial demands judgment against Schramm:

(1) that the Court deny his requested relief;

(2) for costs and fees; and

(3) for all such other and further relief as deemed appropriate by the Court.

**COUNT V**

(Alleged Violation of Patent Act as to the '443 Patent)

**Plaintiffs' Allegation No. 45**

45. Plaintiffs reallege and incorporate by reference as their allegation 45 the allegation of Paragraphs 1 through 44 inclusive of their amended complaint.

**The Response of Imperial to this Allegation**

45. Imperial realleges and incorporates by reference its response to allegations nos. 1 through 44 as its response to allegation 45. Further, Imperial denies that all such allegations relate to the claim of Count V of the amended complaint.

**Plaintiffs' Allegation No. 46**

46. Plaintiffs allege that Imperial Toy has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the

infringement by others of the '443 Patent, by making, using, offering for sale, or selling, throughout the United States, products that infringe the claims of the '443 Patent, and will continue to do so unless enjoined by this Court. Plaintiffs are informed and believe that the infringing products as to the '443 Patent include bubble toys marketed and sold by Defendant under the name Bubbles N' Sand Bucket believed to be under Defendant's product number 21340 and Bubblin' Activity Bucket under Defendant's product number 22804.

**The Response of Imperial to this Allegation**

46. As revealed by the foregoing responses, especially response 21, Imperial denies that Imperial has infringed and is infringing, had induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the '443 Patent, by making, using, offering for sale, or selling, throughout the United States, products that infringe the claims of the '443 Patent, or will continue to do so unless enjoined by this Court. Imperial denies that Plaintiffs are informed and believe that the infringing products as to the '443 Patent include bubble toys marketed and sold by Defendant under the name Bubbles N' Sand Bucket believed to be under Defendant's product number 21340 and Bubblin' Activity Bucket under Defendant's product number 22804.

**Plaintiffs' Allegation No. 47**

47. Plaintiffs allege that as a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and, unless such acts and practices are

enjoined by the Court, will continue to be injured in their respective business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages, for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

**The Response of Imperial to this Allegation**

47. As revealed by the foregoing responses, Imperial denies that as a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and unless such acts and practices and enjoined by the Court will continue to be injured in their respective business and property rights and have suffered, are suffering and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

**Plaintiffs' Allegation No. 48**

48. Plaintiffs allege that by reason of the acts and practices alleged in their amended complaint, Imperial has caused, is causing and, unless such acts and practices are enjoined by the Court will continue to cause immediate and irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

**The Response of Imperial to this Allegation**

48. As revealed by the foregoing responses, Imperial denies that by reason of the acts and practices alleged herein, Imperial Toy has caused, is causing and, unless such acts and practices are enjoined by the Court will continue to cause immediate and

irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Imperial prays for judgment in its favor and against the Plaintiffs as follows:

(i) that Plaintiffs receive none of their requested relief, and that

(ii) instead, this Court awards Imperial all remedies available for Imperial under the Patent Act, including but not limited to that available under 35 U.S.C. §§ 285, it being an award to Imperial of its attorneys fees, this being an exceptional case by reasons including the evident lack of merit of Plaintiffs' allegations;

(iii) also instead, this Court awards Imperial all remedies otherwise available for Imperial under all other applicable statutes and rules, including but not limited to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplied proceedings, Rule 11 of the Federal Rules of Civil Procedure, state law, and the inherent powers of this Court; and

(iv) granting Imperial such other and further relief as the Court deems fair and equitable.

## Affirmative Defenses and Counterclaims

### Preliminary Statements Not Requiring Response

Imperial alleges and believes it is licensed to Schramm's '131 and '443 patents. If Imperial is licensed to Schramm's patents, then Imperial is immune from plaintiffs'

infringement allegations and deserving of its damages for plaintiffs' actions, including its attorney's fees in this action. If, alternatively, Imperial is not licensed to Schramm's patent, then Schramm owes Imperial all sums paid by Imperial and Imperial Toy Corporation to Schramm as royalties, and for the fraud of Schramm's inducement of Imperial and Imperial Toy Corporation to make the payments, and his acceptance of the payments.

Further, Imperial alleges and believes that Little is barred from its claim of trademark infringement by reason of Imperial's successful suit against Little in 2003. Imperial is immune from Little's infringement allegations.

In every discernable way, Plaintiffs' lawsuit has the appearance of a spiteful response to Little having been sued and forced to surrender to Imperial Toy Corporation's suit against Little in 2003.

Imperial asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the plaintiffs:

**First Affirmative Defense- Personal Jurisdiction**

Imperial denies that the Court has personal jurisdiction over Imperial for reasons including that Imperial Toy Corporation does not currently sell products. Further, Imperial does not do business in the State of Rhode Island nor have sufficient minimum contacts with Rhode Island. Specifically, Imperial does not sell its products to purchasers in Rhode Island and is not aware of its products being sold in Rhode Island. Therefore, Imperial denies that this Court may properly exercise its personal jurisdiction over Imperial in the State of Rhode Island. For lack of relationship to Rhode Island, the action for patent infringement should be dismissed or transferred to the Central District of California.

**Second Affirmative Defense- Standing**

Imperial notes that Imperial expressly entered into a license agreement with Schramm concerning the '131 Patent, and the license to this patent implies a license to the '443 patent. Consistently, any license to Little cannot be exclusive. Plaintiffs, therefore lack standing and capacity to sue Imperial for patent infringement. Plaintiffs' claims should be dismissed, *Bicon Inc. v. Straumann Co.*, 441 F3d 945 (Fed.Cir. 2006).

**Third Affirmative Defense- Express License**

Little's and Schramm's patent infringement claims are barred by all applicable statutes, rules and doctrines of law in that Imperial and its predecessor were at all times expressly licensed to act as accused.

**Fourth Affirmative Defense – Implied License**

Little's and Schramm's patent infringement claims are barred by all applicable statutes, rules and doctrines of law in that Imperial and its predecessor were at all time, if not expressly licensed, then licensed by implied license, by all reasons by which implied licenses may arise, including equitable estoppel, acquiescence, conduct and legal estoppel, and Imperial's implied license is irrevocable and its royalty is fixed at three percent of net sales. *De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241 (1927); *Wang Laboratories Inc. v. Mitsubishi Electronics America Inc., 103 F.3d 1571,* 41 USPQ2d 1263 (Fed.Cir. 1997).

**Fifth Affirmative Defense - Mootness**

Little's and Schramm's patent infringement claims are barred by all applicable statutes, rules and doctrines of law in that Imperial and its predecessor were at all times licensed to act as accused, and the claims of patent infringement are therefore moot.

**Sixth Affirmative Defense - "Res Judicata"**

Little's claims of trademark infringement are barred by all applicable statutes, rules, and doctrines of law including but not limited to res judicata, insofar as (a) they concern events from 2003 and before, (b) Imperial's predecessor Imperial Toy Corporation sued Little in a lawsuit in California in 2003, see Exhibit A, and Imperial's predecessor did all accused things including using its accused words, "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" since before the end of that lawsuit, and (c) Little had its trademark claims as mandatory counterclaims to the suit by Imperial in 2003, and did not make those claims in the suit by Imperial Toy Corporation.

**Seventh Affirmative Defense - Laches**

Little's claims of trademark infringement are barred by all applicable statutes, rules, and doctrines of law including but not limited to laches insofar as (a) they concern events from 2003 and before, (b) Imperial's predecessor Imperial Toy Corporation sued Little in a lawsuit in California in 2003, see Exhibit A, and Imperial's predecessor did all accused things including using its accused words, "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" since before the end of that lawsuit, (c) Little

had notice that Imperial's predecessor was doing all accused things, and (d) Little delayed unreasonably in bring suit, (e) to the prejudice of Imperial and its predecessor.

**Eighth Affirmative Defense - Estoppel**

Little's claims of trademark infringement are barred by all applicable statutes, rules, and doctrines of law including but not limited to estoppel insofar as (a) they concern events from 2003 and before, (b) Imperial's predecessor Imperial Toy Corporation sued Little in a lawsuit in California in 2003, see Exhibit A, and Imperial's predecessor did all accused things including using its accused words, "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" since before the end of that lawsuit, (c) Little had notice that Imperial's predecessor was doing all accused things, and (d) Little settled that lawsuit without bringing its trademark claims, (e) on which Imperial relied, (f) to the prejudice of Imperial.

**Ninth Affirmative Defense – Genericness**

Little's claims of trademark infringement are barred by all applicable statutes, rules and doctrines of trademark law including but not limited to the rules that alleged trademarks which are generic do not qualify as trademarks. "Big bubble bucket," the alleged trademark, is a generic description of the product with which Little associates it: the product is a container for liquids with a handle – by definition a "bucket"; it is a bucket for "bubbles," the generic word for liquid bubble solution; and it is a bubble bucket that is big. That the alleged mark is generic is proven by Little's own advertising, as shown by example by the following image of Little's product advertising:




**Tenth Affirmative Defense**

Imperial does not infringe the '131 and '443 patent as accused.

**Eleventh Affirmative Defense – Patent Invalidity**

Plaintiffs' claims against Imperial for patent infringement are barred by reason of Schramm's patents being invalid. Both the '131 Patent and the '443 Patent fail to meet the conditions for patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and are therefore invalid. Furthermore, the '443 Patent is invalid because it is an improper recapture of broadened claimed subject matter surrendered in the 5,908,057 Patent upon which the '443 Patent reissue is based, pursuant to 35 U.S.C. § 251.

**Twelfth Affirmative Defense- First Time Limitation on Damages**

No damage recovery from Imperial is available to plaintiffs for any alleged infringement committed more than six years prior to the filing of the complaint pursuant to 35 U.S.C. § 286.

**Thirteenth Affirmative Defense – Second Time Limitation on Damages**

No damage recovery from Imperial is available to plaintiffs as to claims of the '443 reissue patent for acts that occurred before the issue of the asserted claims of that patent, pursuant to 35 U.S.C. § 271.

**Fourteenth Affirmative Defense – Third Time Limitation on Damages**

No damage recovery from Imperial is available to plaintiffs as to the '131 or '443 reissue patents for any acts that occurred before the filing of the complaint unless Schramm and Little substantially completely and continuously marked all patented articles make, offered for sale, or sold within the United States by either of them, pursuant to 35 U.S.C. § 287.

**Fifteenth Affirmative Defense – Mandatory Intervening Rights By Effect of Reissue**

The claims of patent infringement for the '131 and '443 Reissue Patent are barred by all applicable statutes, rules and doctrines of patent law including but not limited to the rule that a reissued patent does not affect the right of any person in business who, prior to the grant of reissue, made, purchased, offered to sell, or used within the United States, or

imported into the United States, anything patented by the reissue patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific things so made, purchased, offered for sale, used, or imported, subject to an irrelevant exception, pursuant to 35 U.S.C. § 252, and this right to continue is mandatory. Thus, to any extent Imperial and its predecessor made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by either the '131 reissue patent or the '443 reissue patent, the '131 reissue patent and the '443 reissue patent do not abridge or affect the rights of Imperial to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific things so made, purchased, offered for sale, used, or imported, pursuant to 35 U.S.C. § 252, and Imperial has those rights as a mandatory effect of the law.

**Sixteenth Affirmative Defense – Discretionary Intervening Rights**

The claims of patent infringement for the '131 and '443 Reissue Patent are barred by all applicable statutes, rules and doctrines of patent law including but not limited to the rule that in a matter in which the effect of reissue is in question, a court may provide for the continued manufacture, use, offer for sale, and sale of the thing made, purchased, offered for sale, used, or imported, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made before the grant of the reissue, pursuant to 35 U.S.C. § 252. This Court should provide for the continued manufacture, use, offer for sale, and sale of Imperial's products as they have been made, purchased, offered for sale, used, and imported, and the Court should provide for Imperial's continued manufacture, use, offer for sale, or sale in the United States pursuant to 35 U.S.C. § 252 because substantial preparation for such manufacture, use, offer for sale, and

sale in the United States was made before the grant of the '131 reissue patent and the '443 reissue patent.

**Seventeenth Affirmative Defense- Cancellation of Trademark Registration**

Little's claims of trademark infringement are barred by all applicable statutes, rules and doctrines of trademark law including but not limited to the rules that an alleged trademark which become generic for its goods or services is cancellable at any time, pursuant to 15 U.S.C. § 1064. "Big bubble bucket," the alleged trademark, is a generic description of the product with which Little associates it: the product is a container for liquids with a handle - by definition a "bucket"; it is a bucket for "bubbles," the generic word for liquid bubble solution; and it is a bubble bucket that is big. Since, the alleged trademark "Big bubble bucket" is generic for its goods of a big bucket that holds liquid bubble solution, the alleged trademark is cancellable and should be canceled.

**Eighteenth Affirmative Defense- Concurrent Use**

In the alternative, Little's claims of trademark infringement are barred by all applicable statutes, rules and doctrines of trademark law including but not limited to the rule that concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce prior to the earliest of the filing dates of the applications, pursuant to 15 U.S.C. § 1052. Little claims the first use of "Big bubble bucket" to be 1995. Imperial and its predecessor have consistently been using combinations of terms including the term "Bucket" with bubble container items since as early as 1994, beginning and continuing with "Fun Bucket," and

expanding to "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" as evidenced by Defendant's Spring/Summer 1995 through 2007 catalogs. Therefore, if "Bucket" is a registerable term, since Imperial has been in use of "Bucket" in commerce prior to Little's use of "Big bubble bucket," Imperial is entitled to a concurrent registration for "Bucket" and does not infringe Little's alleged mark.

**First Counterclaim – Breach of Contract**

Imperial, the limited liability company and successor to the corporation stated above, counterclaims against Schramm for breach of contract as follows:

1. Schramm and Imperial Toy Corporation entered into a contract and patent license agreement for the '131 Patent in 1999.

2. Imperial's predecessor and then Imperial as its successor performed all the acts they were required to perform under the contract, including making payments for patent license royalties through the present, except as excused or prevented by Schramm's conduct.

3. Schramm breached the contract in 2005-6 by, among other acts, purporting to send Imperial notice of termination in 30 days, allegedly licensing Little to an exclusive license while maintaining a continued license with Imperial, and by pursuing this lawsuit for, among other things, alleged patent infringement of the '131 Patent.

4. As a result of Schramm's breach, Imperial has been damaged for reasons including its expenses of defending this lawsuit and modifying its products to respect and avoid Schramm's patent.

WHEREFORE, Imperial demands judgment against Schramm for:

(1) declaration that Imperial is licensed to Schramm's '131 Patent;

(2) all damages to Imperial caused by Schramm's breach of contract, including but not limited to its costs of defense of this action and its costs of product modification;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Second Counterclaim – Declaratory Judgment for the '131 Patent**

Imperial denies controversy between Schramm and Imperial in that Imperial is licensed to Schramm's '131 Patent and no reasonable person could contend otherwise. In the alternative, Imperial pleads as follows:

5. Imperial realleges and incorporates by reference its allegations 1 through 4 of its first counterclaim.

6. Schramm having sued Imperial for patent infringement of the '131 Patent, and again in the alternative, actual controversy allegedly exists between Schramm and Imperial as to whether Imperial is licensed to Schramm's '131 Patent, whether Imperial infringes Schramm's '131 Patent, and whether Schramm's '131 Patent is valid and enforceable.

7. Little having claimed the right to sue Imperial along with Schramm for patent infringement of the '131 Patent, and again in the alternative, actual controversy allegedly exists between Little and Imperial as to whether Imperial is licensed to

Schramm's '131 Patent, whether Imperial infringes Schramm's '131 Patent, and whether Schramm's '131 Patent is valid and enforceable.

8. Imperial is licensed to Schramm's '131 patent.

9. Imperial does not infringe Schramm's 131 patent.

10. Schramm's '131 patent fails to meet the conditions for patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and is therefore invalid.

11. Schramm's '131 patent is unenforceable.

12. This case is exceptional.

WHEREFORE, Imperial demands judgment against Schramm and Little for:

(1) declaration that Imperial is licensed to Schramm's '131 Patent;

(2) declaration that Imperial does not infringe Schramm's '131 Patent, that Schramm's '131 Patent is invalid, and that Schramm's '131 Patent is unenforceable;

(3) return of all monies Imperial has paid Schramm for its license;

(4) all damages to Imperial caused by Schramm's and Little's spurious allegations, including but not limited to its costs of defense of this action and its costs of product modification;

(5) costs and fees; and

(6) for all such other and further relief as deemed appropriate by the Court.

**Third Counterclaim – Declaratory Judgment for the '443 Patent**

Imperial denies controversy between Plaintiffs and Imperial in that Imperial does not infringe Schramm's '443 Patent and no reasonable person could contend otherwise. In the alternative, Imperial pleads as follows:

13. Schramm having sued Imperial for patent infringement of the '443 Patent, and again in the alternative, actual controversy allegedly exists between Schramm and Imperial as to whether Imperial infringes Schramm's '443 Patent, and whether Schramm's '443 Patent is valid and enforceable.

14. Little having claimed the right to sue Imperial along with Schramm for patent infringement of the '443 Patent, and again in the alternative, actual controversy allegedly exists between Little and Imperial as to whether Imperial infringes Schramm's '443 Patent, and whether Schramm's '443 Patent is valid and enforceable.

15. Imperial is licensed to Schramm's '443 patent.

16. Imperial does not infringe Schramm's '443 patent.

17. Schramm's '131 patent fails to meet the conditions for patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and is therefore invalid.

18. Schramm's '131 patent is unenforceable.

19. This case is exceptional.

WHEREFORE, Imperial demands judgment against Schramm and Little for:

(1) declaration that Imperial does not infringe Schramm's '443 Patent, that Schramm's '443 Patent is invalid, and that Schramm's '443 Patent is unenforceable;

(2) all damages to Imperial caused by Schramm's and Little's spurious allegations, including but not limited to its costs of defense of this action and its costs of product modification;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Fourth Counterclaim- Intentional Interference with Contract**

Imperial counterclaims against Little for intentional interference with contract as follows:

20. Imperial realleges and incorporates by reference its allegations 1 through 4 of its first counterclaim.

21. Little knew of the existence of the license between Schramm and Imperial and its predecessor.

22. Little acted intentionally to disrupt the license between Schramm and Imperial.

23. The license between Schramm and Imperial was disrupted.

24. Little's acts have proximately caused damage to Imperial.

WHEREFORE, Imperial demands judgment against Little for:

(1) all damages to Imperial caused by Little's wrongful acts, including but not limited to its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Fifth Counterclaim – Intentional Interference with Prospective Economic Advantage**

In the alternative, Imperial counterclaims against Little for intentional interference with prospective economic advantage as follows:

25. Schramm and Imperial and its predecessor had an economic relationship in which Imperial and its predecessor made payments and Schramm accepted payment for forbearance by Schramm against pursuing a claim against Imperial for infringement of Schramm's '131 Patent. This was a relationship of probable future economic benefit and advantage to Imperial.

26. In 2006, Schramm sent Imperial a letter titled "Notice Regarding Rights Under US Patent RE36,131," stating, among other things, that the letter he was sending was giving notice that effective 30 days in the future, any rights Imperial had to practice the '131 patent were terminated, that he would consider a limited future license to cover existing inventory, products on order and existing orders to fill, and that he looked forward to a reply and hoped to discuss and resolve the issues he was raising. See Exhibit F.

27. Imperial attempted several times to do exactly what Schramm said he would do, negotiate a limited license of rights to cover existing inventory, products on order, and existing orders to fill. See Exhibit G. A relationship of negotiation between

Schramm and Imperial would have been a relationship of probable future economic benefit and advantage to Imperial.

28. Schramm was nonresponsive. See Exhibit G.

29. Schramm and Little next sued Imperial in this action, with both alleging a belief that in response to the Complaint, Imperial would "claim it is authorized or licensed to practice the '131 patent" and that Little allegedly began a license with Schramm in 2005.

30. Little knew of the economic relationship between Schramm and Imperial, and on information and belief, Little knew of the offer of Schramm that is Exhibit F, and knew of Imperial's attempts to negotiate a limited license of rights to cover existing inventory, products on order, and existing orders to fill.

31. Little acted to disrupt the economic relationship between Schramm and Imperial, and on information and belief, Little intentionally acted to disrupt negotiations between Schramm and Little.

32. The Schramm-Imperial relationship and the negotiations between Schramm and Little were actually disrupted.

33. Disruption of the relationship and negotiations proximately caused damage to Imperial.

34. Little's acts proximately caused damage to Imperial.

WHEREFORE, Imperial demands judgment against Little for:

(1) all damages to Imperial caused by Little's wrongful acts, including but not limited to its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Sixth Counterclaim – Unfair Competition**

35. Imperial realleges and incorporates by reference its allegations 1-4, and 13-34 as its allegation 35.

36. Imperial and Little compete in the sale of bubble products, including no-spill bubble buckets and associated toy products including bubbles.

37. Little's acts constitute wrongful acts of unfair competition with Imperial.

38. Little's wrongful acts of unfair competition have caused proximate cause to Imperial.

WHEREFORE, Imperial demands judgment against Little for:

(1) all damages to Imperial caused by Little's wrongful acts, including but not limited to its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Seventh Counterclaim – Conversion**

In the alternative, Imperial counterclaims against Schramm for conversion as follows:

39. Schramm claims he did not license Imperial or Imperial Toy Corporation to his '131 patent.

40. If Schramm is correct that he did not license Imperial or Imperial Toy Corporation, then Schramm had no claim to the bank checks Imperial and Imperial Toy were sending him.

41. Schramm nevertheless accepted and cashed the bank checks sent to him, and if he is correct that he did not license, then he wrongfully converted the checks and funds of Imperial and Imperial Toy Corporation to himself.

WHEREFORE, Imperial demands judgment against Schramm for:

(1) all damages to Imperial caused by Schramm's wrongful conversion of Imperial and Imperial Toy Corporation's bank checks and the monies they represented, including but not limited to return of the monies themselves;

(2) punitive damages;

(3) costs and fees; and

(4) for all such other and further relief as deemed appropriate by the Court.

**Eighth Counterclaim – Fraud**

In the alternative, Imperial counterclaims against Schramm for fraud as follows:

42. Imperial realleges and incorporates by reference its allegations 39 through 41 as its allegation 42.

43. If Schramm is correct that he did not license Imperial or Imperial Toy Corporation, then Schramm's representations to Imperial and Imperial Toy Corporation

made by his accepting and cashing Imperial and Imperial Toy Corporation's checks were acts of material misrepresentation.

44. If Schramm is correct, then Schramm had knowledge of the falsity of his material misrepresentations.

45. Schramm intended Imperial and Imperial Toy Corporation to rely upon his representations.

46. Imperial and Imperial Toy Corporation justifiably relied on Schramm's representations.

47. Schramm's acts and Imperial's justifiable reliance proximately caused damage to Imperial.

WHEREFORE, Imperial demands judgment against Schramm for:

(1) all damages to Imperial caused by Schramm's wrongful acts, including but not limited to its loss of its monies, its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) all such other and further relief as deemed appropriate by the Court.

**Ninth Counterclaim – Negligent Misrepresentation**

In the alternative, Imperial counterclaims against Schramm for negligent misrepresentation as follows:

48. Imperial realleges and incorporates by reference its allegations 39 through 41 and 43, 46 and 47 as its allegation 48.

49. If Schramm is correct, then Schramm failed to exercise due care to ensure the truth and accuracy of his representations.

WHEREFORE, Imperial demands judgment against Schramm for:

(1) all damages to Imperial caused by Schramm's wrongful acts, including but not limited its loss of its monies, its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) all such other and further relief as deemed appropriate by the Court.

**Tenth Counterclaim - Unjust Enrichment**

In the alternative, Imperial counterclaims against Schramm for unjust enrichment as follows:

50. Imperial realleges and incorporates by reference its allegations 39 and 40 as its allegation 50.

51. Schramm is unjustly enriched by being in possession of the monies of Imperial and its predecessor.

WHEREFORE, Imperial demands judgment against Schramm for:

(1) all damages to Imperial caused by Schramm's wrongful acts, including but not limited to its loss of its monies, its costs of defense of this action and its costs of product modification;

(2) punitive damages;

(3) costs and fees; and

(4) all such other and further relief as deemed appropriate by the Court.

**Eleventh Counterclaim – Trademark Infringement**

In the alternative, Imperial counterclaims against Little for trademark infringement as follows:

52. Imperial realleges and incorporates by reference its allegation 36 as its allegation 52.

53. Since a time before Little's use of "Big bubble bucket," and since 1994, Imperial and its predecessor have consistently been using combinations of terms including the term "Bucket" with bubble container items, beginning and continuing with "Fun Bucket," and expanding to "Bubble 'N Sand Bucket," "Bubblin' Activity Bucket" and "Lil Bubble Bucket" as evidenced by Defendant's Spring/Summer 1995 through 2007 catalogs.

54. If as Little claims, that "Bucket" is a non-generic term subject to trademark rights when used as Little and Imperial have used it, then Little's use of the term in its combination "Big bubble bucket" is a use in commerce on and in connection with goods and containers for goods which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, and association of Little with Imperial, and as to the origin, sponsorship and approval of Little's goods and commercial activities by Imperial, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

WHEREFORE, Imperial prays in the alternative for judgment in its favor and against Little:

(1) for all remedies available under the Trademark Act, including under Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

(2) for a preliminary and a permanent injunction prohibiting Little from infringing or improperly using Imperial's trademark;

(3) for a preliminary and a permanent injunction prohibiting Little from making, offering for sale or selling its infringing goods;

(4) for a preliminary and a permanent injunction ordering Little to recall and remove from places of sale the infringing goods;

(5) for an order impounding the infringing goods;

(6) for a preliminary, and a permanent injunction ordering Little to deliver upon oath the infringing goods;

(7) for an accounting for all profits derived by Little on the manufacture and sale of the infringing goods;

(8) for an award of compensatory damages;

(9) for an award of costs and attorneys fees; and

(10) for such other relief as the Court deems just.

Dated: 2-15-07

Respectfully submitted,

Charles W. Shifley

Charles W. Shifley
**Banner & Witcoff, Ltd.**
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

Dale A. Malone
**Banner & Witcoff, Ltd.**
28 State Street – 28th Floor
Boston, Massachusetts 02109
Tel: (617) 720-9600
Fax: (617) 720-7601

Richard W. MacAdams
**MacAdams Wieck DeLuca & Gemma Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903
Tel: (401) 454-8700
Fax: (401) 454-8755
**Attorneys for Imperial**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing **RESPONSE INCLUDING ANSWER TO THE COMPLAINT** was served on February 15, 2007 by First Class Mail upon the following counsel for plaintiffs Michael R. Shramm and Little Kids, Inc.:

Robert D. Fine, Esq.
Chance Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Attorney for Defendant