UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and<br>LITTLE KIDS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>IMPERIAL TOY CORPORATION,<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 06-506S |

***PLAINTIFFS' REPLY TO COUNTERCLAIMS***

Plaintiffs, Michael R. Schramm ("Schramm") and Little Kids, Inc. ("Little Kids"), reply to the Counterclaims filed by the defendant, Imperial Toy Corporation as follows:

Reply to First Counterclaim – Breach of Contract

1. Plaintiffs admit that Schramm and Imperial entered into a limited license for the selloff by Imperial of a limited number of products and that Imperial paid a royalty to Schramm for the selloff of those products, but deny that Schramm agreed to a general license for Imperial to practice the '131 Patent. Plaintiffs deny the remaining allegations of paragraph 1 of the Counterclaims.

2. Plaintiffs deny Imperial's allegations of paragraph 2 of the Counterclaims.

3. Plaintiffs deny Imperial's allegations of paragraph 3 of the Counterclaims.

4. Plaintiffs deny Imperial's allegations of paragraph 4 of the Counterclaims.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defense to First Counterclaim

(1) Imperial's First Counterclaim fails to state a cause of action.

(2) To the extent there was a contract between Schramm and Imperial, Schramm terminated that contract as of June 18, 2006.

(3) To the extent there was a contract between Schramm and Imperial, there was a lack of consideration for the terms and conditions alleged by Imperial.

(4) To the extent there was a contract between Schramm and Imperial, the contract was due to misrepresentations of Imperial which induced Schramm to enter such contract, and such is void.

(5) Enforcement of any contract between Schramm and Imperial is barred by the Statute of Frauds.

(6) The defendant lacks standing to raise the counterclaim asserted.

Reply to Second Counterclaim – Declaratory Judgment for the '131 Patent

Plaintiffs deny Imperial's unnumbered denial of controversy between Schramm and Imperial, deny that Imperial is licensed to the '131 Patent, and deny that no reasonable person could contend otherwise.

5. Plaintiffs reallege and incorporate by this reference their replies to Imperial's allegations 1 through 4 of Imperial's First Counterclaim.

6. Plaintiffs admit that they have filed suit against Imperial for infringement of the '131 Patent, and admit that an actual controversy exists between Schramm and Imperial as to whether Imperial is licensed to Schramm's '131 Patent, whether Imperial infringes Schramm's '131 Patent and whether Schramm's '131 Patent is valid and enforceable.

7. Plaintiffs admit that they have filed suit against Imperial for infringement of the '131 Patent, and admit that an actual controversy exists between Schramm and Imperial as to whether Imperial is licensed to Schramm's '131 Patent, whether Imperial infringes Schramm's '131 Patent and whether Schramm's '131 Patent is valid and enforceable.

8. Plaintiffs deny the allegations of paragraph 8 of Imperial's Counterclaims.

9. Plaintiffs deny the allegations of paragraph 9 of Imperial's Counterclaims.

10. Plaintiffs deny the allegations of paragraph 10 of Imperial's Counterclaims.

11. Plaintiffs deny the allegations of paragraph 11 of Imperial's Counterclaims.

12. Plaintiffs admit that the case is exceptional in that plaintiffs should be awarded attorneys' fees under 35 U.S.C. § 385. Plaintiffs deny the remaining allegations of paragraph 12.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Reply to Third Counterclaim – Declaratory Judgment for the '443 Patent

Plaintiffs deny Imperial's denial of controversy between Plaintiffs and Imperial, deny that Imperial does not infringe Schramm's '443 Patent, and deny that no reasonable person could contend otherwise.

13. Plaintiffs admit that they have filed suit against Imperial for infringement of the '443 Patent, and admit that an actual controversy exists between Schramm and Imperial as to whether: Imperial infringes Schramm's '443 Patent; whether Imperial infringes Schramm's '443 Patent; and whether Schramm's '443 Patent is valid and enforceable.

14. Plaintiffs admit that Little Kids has claimed a right to sue and has filed suit against Imperial for infringement of the '443 Patent, and admit that an actual controversy exists between Little Kids and Imperial as to whether Imperial infringes Schramm's '443 Patent and whether Schramm's '443 Patent is valid and enforceable.

15. Plaintiffs deny the allegations of paragraph 15 of Imperial's Counterclaims.

16. Plaintiffs deny the allegations of paragraph 16 of Imperial's Counterclaims.

17. Plaintiffs deny the allegations of paragraph 17 of Imperial's Counterclaims.

18. Plaintiffs deny the allegations of paragraph 18 of Imperial's Counterclaims.

19. Plaintiffs admit that the case is exceptional in that plaintiffs should be awarded attorneys' fees under 35 U.S.C. § 385. Plaintiffs deny the remaining allegations of paragraph 19.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Reply to Fourth Counterclaim – Intentional Interference with Contract

Little Kids replies to Imperial's counterclaim as follows:

20. Plaintiffs reply and incorporate by this reference its replies to allegations 1 through 4 of Imperial's First Counterclaim.

21. Little Kids denies the allegations of paragraph 21 of Imperial's Counterclaims. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations.

22. Little Kids denies the allegations of paragraph 22 of Imperial's Counterclaims. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Plaintiffs deny the allegations of paragraph 23 of Imperial's Counterclaims.

24. Plaintiffs deny the allegations of paragraph 24 of Imperial's Counterclaims.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) All actions taken by Little Kids were justified.

(2) All actions taken by Little Kids were privileged.

(3) Little Kids owed no duty to Imperial.

(4) To the extent a contract existed between Schramm and Imperial, Little Kids's conduct was neither wrongful nor tortious, and constituted fair competition.

(5) Imperial has unclean hands and is entitled to no recovery.

Reply to Fifth Counterclaim – Intentional Interference
with Prospective Economic Advantage

25. Schramm admits that he accepted certain payments for forbearance of certain claims against Imperial. Plaintiffs deny the remaining allegations of paragraph 25 of Imperial's Fifth Counterclaim.

26. Admitted.

27. Schramm admits that Imperial and Schramm agreed to a limited license to cover existing inventory of certain products that would otherwise infringe the '131 Patent and denies the remaining allegations of paragraph 27. On information and belief, Little Kids admits that Imperial and Schramm agreed to a limited license to cover existing inventory of certain products that would otherwise infringe the '131 Patent and denies the remaining allegations of paragraph 27.

28. Schramm denies the allegations of paragraph 28. On information and belief, Little Kids denies the allegations of paragraph 28.

29. Plaintiffs admit that Schramm and Little Kids filed this suit, and deny the remaining allegations of paragraph 29. The plaintiffs' allegations in the Amended Complaint speak for themselves.

30. Little Kids admits that it knew of payments by Imperial to Schramm, that Little Kids knew of the letter that is Exhibit F to Imperial's Counterclaims, and that Little Kids knew of Imperial's agreement to stop manufacturing products infringing the '131 Patent. Little Kids denies the remaining allegations of paragraph 30. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Little Kids denies the allegations of paragraph 31 of Imperial's Fifth Counterclaim. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Plaintiffs deny the allegations of paragraph 32 of Imperial's Fifth Counterclaim.

33. Plaintiffs deny the allegations of paragraph 33 of Imperial's Fifth Counterclaim.

34. Plaintiffs deny the allegations of paragraph 34 of Imperial's Fifth Counterclaim.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Fifth Counterclaim fails to state a claim.

(2) All actions taken by Little Kids were justified.

(3) All actions taken by Little Kids were privileged.

(4) Little Kids owed no duty to Imperial.

(5) To the extent a prospective economic advantage existed between Schramm and Imperial, Little Kids's conduct was neither wrongful nor tortious, and constituted fair competition.

(6) Any prospective economic advantage between Schramm and Imperial was at best at-will, and Little Kids's actions were fair competition.

Reply to Sixth Counterclaim – Unfair Competition

35. Plaintiffs reply and incorporate by this reference its replies to allegations 1 through 4, and 13 through 34 of Imperial's Counterclaims.

36. Plaintiffs admit that Imperial and Little Kids compete in the sale of bubble blowing toys. Plaintiffs deny any additional allegations in paragraph 36 of Imperial's Counterclaims.

37. Plaintiffs deny the allegations of paragraph 37 of Imperial's Sixth Counterclaim.

38. Plaintiffs deny the allegations of paragraph 38 of Imperial's Sixth Counterclaim.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Sixth Counterclaim fails to state a claim.

(2) All actions taken by Little Kids were justified.

(3) All actions taken by Little Kids were privileged.

(4) Little Kids owed no duty to Imperial.

(5) Little Kids's conduct was neither wrongful nor tortious, and constituted fair competition.

(6) Imperial's claims are preempted by federal law.

Reply to Seventh Counterclaim – Conversion

39. Plaintiffs admit that in their Amended Complaint, they have alleged that "Schramm attempted to negotiate a non-exclusive license of the '131 Patent with Imperial, but was unsuccessful in finalizing the terms of any license with Imperial," and admit that they alleged in the alternative that, "although Plaintiff Schramm believes that Defendant has no rights to practice the '131 Patent or to use any other of Schramm's intellectual property rights, if Defendant has or had any rights pursuant to an agreement with Plaintiff Schramm, Plaintiff Schramm is informed and believes that Defendant has breached that agreement by failing to notify Plaintiff Schramm of sales of infringing product and by failing to pay royalties owed." Plaintiffs deny any remaining allegations of paragraph 39 of the Counterclaim.

40. Plaintiffs admit that Schramm and Imperial entered into a limited license for the selloff by Imperial of a limited number of products and that Imperial paid a royalty to Schramm for the selloff of those products Schramm denies any remaining allegations of paragraph 40 of Imperial's Seventh Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Schramm admits that he accepted and cashed certain bank checks tendered to him by Imperial. Schramm denies the remaining allegations of paragraph 41 of Imperial's Seventh

Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

Plaintiffs deny that Imperial is entitled to the requested or any other relief.

<u>Affirmative Defenses</u>

(1) Imperial's Seventh Counterclaim fails to state a claim.

<u>Reply to Eighth Counterclaim – Fraud</u>

42. Plaintiffs reply and incorporate by this reference their replies to allegations 39 through 41 of Imperial's Counterclaims.

43. Schramm admits that he accepted and cashed certain bank checks tendered to him by Imperial. Schramm denies the remaining allegations of paragraph 41 of Imperial's Seventh Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Schramm denies the allegations of paragraph 44 of Imperial's Eighth Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Schramm denies the allegations of paragraph 45 of Imperial's Eighth Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. Schramm denies the allegations of paragraph 46 of Imperial's Eighth Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of Imperial's Eighth Counterclaim.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Eighth Counterclaim fails to state a claim.

(2) All actions taken by Schramm were justified.

(3) All actions taken by Schramm were privileged.

Reply to Ninth Counterclaim – Negligent Misrepresentation

48. Plaintiffs reply and incorporate by this reference their replies to allegations 39 through 41 and 43, 46 and 47 of Imperial's Counterclaims.

49. Schramm denies the allegations of paragraph 49 of Imperial's Ninth Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Ninth Counterclaim fails to state a claim.

(2) Imperial was contributorily negligent or reckless or willful with regard to any negligent misrepresentations and therefore Imperial's recovery, if any, is reduced or barred.

Reply to Tenth Counterclaim – Unjust Enrichment

50. Plaintiffs reply and incorporate by this reference their replies to allegations 39 and 40 of Imperial's Counterclaims.

51. Schramm denies the allegations of paragraph 51 of Imperial's Tenth Counterclaim. Little Kids is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Tenth Counterclaim fails to state a claim.

(2) Schramm has acted in reliance and changed his position by reason of Imperial's action and Imperial therefore is not entitled to recovery.

(3) Schramm asserts as an affirmative defense estoppel, waiver and laches.

Reply to Eleventh Counterclaim – Trademark Infringement

52. Plaintiffs reply and incorporate by this reference their reply to allegation 36 of Imperial's Counterclaims.

53. Little Kids denies the allegations of paragraph 53 of Imperial's Eleventh Counterclaim. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Little Kids denies the allegations of paragraph 54 of Imperial's Eleventh Counterclaim. Schramm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

Plaintiffs deny that Imperial is entitled to the requested relief or any other relief.

Affirmative Defenses

(1) Imperial's Eleventh Counterclaim fails to state a claim.

(2) Imperial has abandoned any alleged trademark.

(3) Imperial has unclean hands and should not be entitled to any relief.

WHEREFORE, for the reasons set forth herein, Little Kids and Schramm hereby request that judgment enter in their favor and against the defendant, Imperial Toy Corporation (n.k.a. Imperial Toy LLC) on all issues raised in the counterclaim, together with such other and further relief as may be appropriate, including attorneys' fees.

MICHAEL R. SCHRAMM and
LITTLE KIDS, INC.

/s/ Robert D. Fine

Robert D. Fine (# 2447)
Richard D. Zimmerman (#4043)
Douglas J. Emanuel (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

Dated: March 22 , 2007