UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and LITTLE KIDS, INC., Plaintiffs, | ) | |
| v. | ) | CA No. 06-506 S |
| IMPERIAL TOY CORPORATION, Defendant. | ) | |

**DEFENDANT IMPERIAL'S MOTION TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA TO PREVENT INCONVENIENCE**

The defendant, called "Imperial Toy Corporation" in the complaint, and actually being named Imperial Toy LLC, moves that this case be transferred to the United States District Court for the Central District of California, in Los Angeles.

This motion is made pursuant to 28 U.S.C. §1404 to prevent inconvenience to the parties and witnesses, and in the interest of justice.

Briefly, this civil action principally concerns events, persons and documents in Los Angeles, including important third party witnesses located there. These witnesses are people who negotiated with the plaintiff Mr. Schramm and gained a license to Imperial for the patents that are the principal subject of the action. That license is the principal issue of the case.

Beyond the events, people and documents surrounding that license, this case little concerns, but does concern Imperial's use of trademarks, another matter as to which the events, people and documents are centered in Los Angeles. Los Angeles is also where Imperial first sued plaintiff Little in 2003, which suit effects *res judicata* for the trademark claim of the case.

Plaintiffs' choice of Rhode Island is to be little regarded, as the principal plaintiff Schramm is in Utah not Rhode Island, and is benefited by having his court be one-quarter the distance from him that it is now. The other plaintiff Little was a party in California in the case that worked *res judicata,* which is the principal issue for the trademark claim.

For all these and all further reasons stated in Imperial's memorandum in support of its motion to transfer, this case should be transferred for assignment to one of the thirty-four judges available in the Central District of California.

Dated: March 30, 2007

Respectfully submitted,

/s/ Richard W. MacAdams
Richard W. MacAdams (#1681)
**MacAdams Wieck DeLuca & Gemma Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903
rmacadams@mwdglaw.com
Tel: (401) 454-8700
Fax: (401) 454-8755

/s/ Charles W. Shifley
Charles W. Shifley
**Banner & Witcoff, Ltd.**
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
cshifley@bannerwitcoff.com
Tel: (312) 463-5000
Fax: (312) 463-5001

Dale A. Malone
**Banner & Witcoff, Ltd.**
28 State Street – 28th Floor
Boston, Massachusetts 02109
dmalone@bannerwitcoff.com
Tel: (617) 720-9600
Fax: (617) 720-7601

**Attorneys for Defendant**

## ORAL ARGUMENT REQUESTED

Defendant Imperial Toy LLC requests oral argument for the reasons stated in this Motion and the accompanying Memorandum. Oral argument not to exceed one-half hour is requested.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing

**DEFENDANT IMPERIAL'S MOTION TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA TO PREVENT INCONVENIENCE**

was served on March 30, 2007 by electronic means upon the following counsel for plaintiffs Michael R. Shramm and Little Kids, Inc.:

Robert D. Fine, Esq.
Douglas J. Emanuel, Esq.
Chance Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

/s/ Richard W. MacAdams

Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and<br>LITTLE KIDS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL TOY CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA No. 06-506 S |

**DEFENDANT IMPERIAL'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO TRANSFER THE CASE**
**TO THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**TO PREVENT INCONVENIENCE**

The defendant, called "Imperial Toy Corporation" in the complaint, and actually being named Imperial Toy LLC, has moved pursuant to 28 U.S.C. §1404 that this case should be transferred to prevent inconvenience to the parties and witnesses, and in the interest of justice. The case should be transferred to one of the many judges available for the case in the United States District Court for the Central District of California, in Los Angeles.

As briefly stated in the body of Imperial's motion, this civil action principally concerns events, persons and documents in Los Angeles, including important third party witnesses located there. These witnesses are people who negotiated with the plaintiff Mr. Schramm and gained a license to Imperial for the patents that are the principal subject of the action. That license is the principal issue of the case.

Beyond the events, people and documents surrounding that license, this case little concerns, but does concern Imperial's use of trademarks with customers, another matter as

to which the events, people and documents are centered in Los Angeles. Los Angeles is also where Imperial first sued plaintiff Little in 2003, which suit effects *res judicata* for the trademark claim of the case.

Plaintiffs' choice of Rhode Island is to be little regarded, as the principal plaintiff Schramm is in Utah, one quarter the distance to Los Angeles as compared to Providence. He is benefited by transfer to California. The other plaintiff Little has done business with Imperial in Los Angeles, and was the defendant in California in the case that worked the *res judicata* that is the principal issue between Little and Imperial.

For all these and all further reasons stated in this, Imperial's memorandum in support of its motion to transfer, this case should be transferred for assignment to one of the thirty-four judges of the Central District of California.

**I. This civil action principally concerns events, persons and documents in Los Angeles, including important third party witnesses located there.**

The principal issue of this case is a patent license, and the events, persons and documents associated with that issue are in Los Angeles. The license is the principal issue because the principal and first claim of the complaint is for patent infringement, and the principal defense to this claim is the license.

By their amended complaint, the plaintiff Mr. Michael Schramm of the State of Utah, and his companion plaintiff the corporation "Little" first allege that this is an action for infringement by Imperial of Schramm's United States Letters Patent No. Re 36,131 (the "131 Patent"). By its answer, Imperial states that its principal and first defense to this principal claim is the defense of license. By their reply to the answer, Mr. Schramm and

Little admit the license: "Plaintiffs admit that Schramm and Imperial entered into a limited license ..." Reply at 1, ¶1.

This first defense to the first claim of the complaint is the principal issue of the case in that Imperial and Mr. Schramm have a license relationship that exists at present, and extends from the present back through 1999. On or about July 30, 1999, Schramm wrote to Imperial Toy Corporation in California, from Utah, with a letter that he said was "Re: Offer of License to US Patent RE36,161." See Exhibit D to the Court's docket item 10, Imperial's Response to the Complaint (hereafter the "Response"). The letter from Mr. Schramm asserted (a) that Schramm had recently become aware of Imperial Toy Corporation's accused products (its "No-Spill Bubble Submarine and No Spill Miracle Bubble products," (b) that he was enclosing a copy of the '131 patent, and (c) that he believed that after a review of his patent in light of the products, Imperial Toy Corporation would agree that a license under the patent would provide legal access to technology necessary to the continued marketing and sale of the products. *Id.*

After Schramm offered Imperial Toy Corporation this license to his patent, Imperial Toy Corporation accepted the license. It paid royalties to Schramm from California for the license, from that time in 1999 through the middle of 2006. These were royalties which Schramm received from California and accepted at all these times as payments for the license to Imperial. See the Response at its Exhibit E. Schramm and Little admit that Schramm received and accepted these payments, and do not deny that they extended from 1999 through 2006: "Schramm admits that he accepted and cashed certain bank checks tendered to him by Imperial." See the Reply at page 7 ¶41.

Then, in mid-2006, Schramm sent Imperial in California another letter, this time titled "Notice Regarding Rights Under US Patent RE36,131." See the Response at its Exhibit F.

Oddly, for a relationship that was without a significant hiccup over seven years, and involved seven years of accepted payments, Schramm stated that he was terminating Imperial's license. *Id.* Along the way to this statement, he also stated curiously that he had discussed with Imperial Toy in 1999 what he characterized as "concerns he held that Imperial Toy's Submarine and Bubble Bottle products infringed his '131 patent," that he allegedly "had made clear an expectation that Imperial would not manufacture any more of the products, and not ship or sell more," again in 1999, that he "attempted to enter into a written license for the '131 patent," again in 1999, and that he and Imperial "had not been able to reach agreement on a license," again in 1999. His 2006 letter, he said, was therefore "giving notice that effective 30 days in the future, any rights Imperial had to practice the '131 patent were terminated." *Id.*

But Schramm did not stop. *Id.* He also added that he would consider and potentially accept a limited future license to cover existing inventory in California, products on order and existing orders to fill, and that he looked forward to a reply and hoped to discuss and resolve the issues he was raising. *Id.*

Once Imperial has Schramm's 2006 letter, Imperial attempted several times to do exactly what Schramm said he would do, negotiate a "terminating" license of rights to cover existing inventory -- in California -- and products on order, and existing orders to fill. See the Response at its Exhibit G. Schramm was nonresponsive, *id.,* and having

apparently come under the influence of Little, Schramm next sued Imperial in this case. Thereafter, he sent Imperial back its next license payment checks.

As apparent, this set of facts makes *license* the principal issue of this case – indeed, *license* is the principal defense to the principal claim of the case. This is because Imperial has an obvious express patent license, and even if not, then certainly it has a license implied for reasons including Schramm's 1999 letter, his negotiation with Imperial, and his acceptance over *seven years* of royalty checks for tens of thousands of dollars sent by Imperial from California. *See De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241 (1927); *Wang Laboratories Inc. v. Mitsubishi Electronics America Inc., 103 F.3d 1571,* 41 USPQ2d 1263 (Fed.Cir. 1997)(patent licenses are often implied, for reasons including equitable estoppel, acquiescence, conduct and legal estoppel). Schramm and Little's patent infringement claims are barred for all reasons by which implied licenses may arise, including equitable estoppel, acquiescence, conduct and legal estoppel. *Id.* This barring is based on events in California. Moreover, Imperial's implied license is irrevocable and its royalty is fixed at the rate Imperial always paid, three percent. *Id.*

As well as these events being in California, the people and documents that concern this issue of license are principally in California, and are certainly not in Rhode Island. Mr. Schramm, admittedly in Utah, but 1500 miles closer to California than Rhode Island, wrote to Imperial Toy Corporation in California, projecting his presence there. Imperial is located there. See the Response at page 3. Further, Imperial responded to Schramm from there, and paid royalties to Schramm through people and records there. These people included Ms. Ellen Burns, a non-officer employee of Imperial, still there, and its departed

former officers Mr. Jordan Kort and Mr. David Kort, also still in California, who are now important third party witnesses to this case.[1]

In sum, then, the principal issue of this case is *license,* and the principal events, people and documents associated with this issue are in California, and more specifically Los Angeles, and are far from Rhode Island. The witnesses are the people who negotiated with Schramm and gained a license to Imperial for the patent, a license that is the principal subject of the action.[2] They are both a non-officer employee of Imperial and two third parties in California, former officers of Imperial Toy Corporation.

This situation covers all of the first, third, fourth and fifth counts of the complaint. The first and fifth counts are for patent infringement. Schramm will assert Imperial is not licensed to his second patent by his actions as to his first patent. Imperial disagrees. License is still the issue. The second patent is an offshoot of the first. The third count asks this Court to declare that Imperial does not have a patent license. The fourth is a count asserting *Imperial* breached the patent license. Thus, four out of five counts of the complaint are focused on California.

In essence, in conclusion, the principal issues of the case concern unfinished business in California – the unfinished business of making sense of the events of the California-based negotiations and actions between Schramm, Imperial, its non-officer

---

[1] Imperial is the successor in interest to Imperial Toy Corporation, founded and run as a Kort family business until recently. Its founder was a remarkable man and philanthropist, Mr. Fred Kort, now deceased, see the Response at its Exhibit B. Mr. Kort was joined for a great length of time by his sons, Jordan and David, who are the men identified here, and who now engage in their own businesses.

[2] And of course, Schramm too, but he has already turned to prevarications about the existence of the Imperial license and his acceptance of Imperial's payments, in the complaint and in Exhibit F.

employee and its two third party former officers, based on Imperial's California records of those negotiations and its payments.

**II. Beyond the events, people and documents surrounding the patent license that is the principal issue of the case, this case little concerns, but does concern Imperial's use of trademarks, another matter as to which the events, people and documents are centered in Los Angeles.**

Los Angeles is not only the place where this case belongs because it principally concerns a patent license centered there, it is also the place where this case belongs insofar as it concerns the non-patent remainder of the complaint, which is Little's trademark infringement claim. This is because the principal issue for this claim is *res judicata,* a *res judicata* arising from the parties' California litigation history with each other.

The parties' California litigation history started with Imperial and Little transacting business with each other in a series of transactions based on Imperial's advertisements, catalogs, product descriptions and sales of bubble toy products, resulting in a group of purchases by Little. See the Response at its Exhibit A. Indeed, Little sent orders and payments to Imperial in California. *Id.*

Little then shorted a payment, and failed to make another. *Id.* For these breaches of contract in the business being transacted, Imperial's predecessor Imperial Toy Corporation sued Little in a lawsuit in California in 2003. *Id.* Little appeared in that case, and shortly settled there. *Id;* see also the Response at page 3.

Little had its trademark claim as to its supplier Imperial's use of "Bucket" in its ads, catalogs and product descriptions for bubble toy products in 2003 and yet did not assert it then. At the time of the suit in 2003, Imperial's predecessor did what it is accused of doing in Little's claim here for trademark infringement, did it in ads, catalogs, product

descriptions and sales to customers such as Little, and did it in California. See Exhibit A here, relevant pages from Imperial's 2000-2003 catalogues. More specifically, Imperial used the word "Bucket" in association with a bubble toy container in the words "Fun In The Sun Super Value Fun Bucket" at that time, and it promoted, advertised, sold and shipped its products to customers such as Little principally from California. *Id.* Little was an Imperial customer, with its trademark registration in its possession. See the amended complaint at Little's allegation 30. Thus, Little had its trademark claim as a mandatory counterclaim to the suit by Imperial in 2003. *See F.R.C.P. 13(a); see also, e.g., Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246 (9th Cir. 1987) (Counterclaims are mandatory based on a logical relationship test). Little did not make its claim in response to the suit by Imperial Toy Corporation against it. Little will assert its claims against "Bubbles N Sand Bucket," "Bubblin Activity Bucket," and "Lil Bubble Bucket," not "Fun In The Sun Super Value Fun Bucket," but *res judicata* protects all Imperial use of "Bucket." *Id.* (*res judicata* held because claim not made).

The principal issue of Little's trademark infringement claim, then, is *res judicata.* Little is barred from its claim of trademark infringement by reason of Imperial's successful suit against Little in 2003. Imperial is immune from Little's present infringement allegations. This is as a matter of events in California, and a matter of the law of the 9th Circuit and the law of California. To any extent Little opposes *res judicata* by reason of settling rather than litigating, Imperial asserts release by settlement.

Moreover, *res judicata* aside for a moment, all accused sales by Imperial originated in California, where Imperial and its records are located, and where Little ordered and paid for products from Imperial.

Again, this case is essentially unfinished business – the unfinished business of determining the effect of the 2003 absence of a claim by Little against Imperial, in California, under California law.

**III. Plaintiffs' choice of Rhode Island is to be little regarded, as the principal plaintiff Schramm is in Utah not Rhode Island, and is benefited by being in court in California, while the other plaintiff Little was the defendant in California in the case that worked *res judicata* and is the principal issue between Little and Imperial.**

Plaintiffs' choice of Rhode Island for this case is to be little regarded. The filing in Rhode Island is in a sense a sham. The patent owner and principal plaintiff Schramm is in Utah not Rhode Island. While Little claims to be a proper patent plaintiff by claiming that it has a patent license, Little does not allege that any license it has is an *exclusive* license. For lack of a proper allegation, as a result, Little lacks standing to sue Imperial for patent infringement, *Bicon Inc. v. Straumann Co.*, 441 F3d 945 (Fed.Cir. 2006). For lack of merit to Little's claim of standing, its claim to be a proper patent plaintiff can be little regarded here.

For the patent claims, the focus is on Imperial in California and Schramm in Utah. The Court should put aside Utah, where Schramm chose not to sue. As between Rhode Island and California, Schramm benefits from being in court in California as opposed to Rhode Island, by simple matter of distance and location of the relevant events, people and documents. As well, where the plaintiff does not reside where he sues, transfer to the district of the headquarters of the defendant is routine. *See, e.g., McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 344 (D.R.I. 1994)(when plaintiff did not reside in chosen district, transfer to district in which defendant was headquartered was ordered

because trial in chosen forum would be inconvenient for company and no more convenient for plaintiff).

Little's position, as a further result of it not alleging an exclusive patent license, as well, is that it is only a trademark plaintiff as against Imperial, and only accusing Imperial of doing those things that Imperial was doing just the same as now when Little was a party in California in the case with Imperial that worked *res judicata,* now the principal issue between Little and Imperial. Little was subject to jurisdiction in California then, and the locus of its trademark case against Imperial is there now, as it was then.

Regional circuit law controls transfers, even in cases such as this, subject to Federal Circuit appellate jurisdiction, *see, e.g., Storage Technology Corp. v. Cisco Systems Inc.*, 329 F.3d 823, 836 (Fed.Cir. 2003). Transfer of venue is at the discretion of the district court based on numerous factors such as those demonstrated by Imperial. *See, e.g., Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977), *cert. denied*, 434 U.S. 860 (1977). Any alleged burden on Little by transfer is tempered by several factors: modern means of communication that allow Little to litigate in California while its people remain in Rhode Island, since its people are not principal witnesses; Little's routine of having people fly worldwide for the toy business; and finally, Little's past history of being in court in California.

**IV. Conclusion: This Case Should Be Transferred**

Pursuant to 28 U.S.C. §1404, this case should be transferred to prevent inconvenience to the parties Schramm, Imperial, and even Little, and the witnesses Burns, Kort, Kort, and even Schramm, and in the interest of justice to the principal issues of license and *res judicata* arising from events, people and records in Los Angeles. The case

should be transferred to the United States District Court for the Central District of California, in Los Angeles, as soon as possible, for further judicial attention there.

Dated: March 30, 2007

respectfully submitted,

/s/ Richard W. MacAdams

Richard W. MacAdams (#1681)
**MacAdams Wieck DeLuca & Gemma Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903
rmacadams@mwdglaw.com
Tel: (401) 454-8700
Fax: (401) 454-8755

/s/ Charles W. Shifley
Charles W. Shifley
**Banner & Witcoff, Ltd.**
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
cshifley@bannerwitcoff.com
Tel: (312) 463-5000
Fax: (312) 463-5001

Dale A. Malone
**Banner & Witcoff, Ltd.**
28 State Street – 28th Floor
Boston, Massachusetts 02109
dmalone@bannerwitcoff.com
Tel: (617) 720-9600
Fax: (617) 720-7601

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing

**DEFENDANT IMPERIAL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA TO PREVENT INCONVENIENCE**

was served by electronic means on March 30, 2007 upon the following counsel for plaintiffs Michael R. Shramm and Little Kids, Inc.:

Robert D. Fine, Esq.
Douglas J. Emanuel, Esq.
Chance Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

/s/ Richard W. MacAdams

Attorney for Defendant