UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and LITTLE KIDS, INC., | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 06-506S |
| IMPERIAL TOY CORPORATION, | : | |
| Defendant | : | |

PLAINTIFFS' CONFERENCE STATEMENT

Plaintiffs, Michael R. Schramm ("Schramm") and Little Kids, Inc. ("Little Kids") respectfully submit the following conference statement to enumerate elements that must be proven to sustain Plaintiffs' Amended Complaint.

Nature of the Action

This action is for infringement by Defendant Imperial Toy Corporation ("Imperial") of Schramm's United States Letters Patent No. Re 36,131 (the "'131 Patent") and United States Letters Patent No. RE 39,443 (the "'443 Patent"), and infringement by Imperial of Little Kids's U.S. Trademark Registration Number 2,492,574.

Plaintiff Schramm is an individual who invented and patented a spill resistant container used for blowing bubbles. The United States Patent and Trademark Office awarded the '131 Patent to Schramm in recognition of Schramm's new and useful spill-resistant bubble solution container, and awarded the '443 Patent for Schramm's improved spill-resistant container.

Plaintiff Little Kids is a Rhode Island toy company. Over the past 18 years, Little Kids has grown from a start-up company with no sales, to a company with offices in Providence, a

Cranston warehouse, a workforce of more than 25 employees, and relationships with manufacturers, assemblers, product development firms and service providers who employ hundreds of people in Rhode Island for whom Little Kids is a significant account. Spill resistant bubble blowing toys are an important part of Little Kids's business.

Schramm and Little Kids entered into a license agreement concerning the '131 Patent dated and effective as of November 21, 2005, and Little Kids licensed the '443 Patent in January 2007.

Schramm learned of sales of infringing products by Imperial in 1999 and notified Imperial of the '131 Patent and Imperial's infringement. Schramm attempted to negotiate a non-exclusive license of the '131 Patent with Imperial, but was unsuccessful in finalizing the terms of any license with Imperial. Schramm accepted a 3% sales payment from Imperial with the understanding that the payment was for a sell-off of infringing products. Imperial failed to finalize a general license of the '131 Patent from Schramm. Schramm became frustrated with Imperial, and advised Imperial by email of May 19, 2006 that to the extent Imperial had any rights to practice the '131 Patent, those rights would terminate in 30 days after the date of the email.

Imperial also has infringed and is infringing Little Kids's registered trademark "Big Bubble Bucket" by using the words "Bubble" and "Bucket" in connection with the marketing of bubble and sand toys that compete with Little Kids's "Big Bubble Bucket" toys.

## First Cause of Action

## (Violation of Patent Act as to the '131 Patent)

Imperial has not paid Schramm for all Imperial toys infringing the '131 Patent, and Schramm does not want Imperial to infringe the '131 Patent in the future. In support of

Plaintiffs' claim that Imperial has infringed and is infringing the '131 Patent, Plaintiffs are prepared to demonstrate:

1. Schramm is the sole owner of the valid '131 Patent; and

2. One or more of Imperial's toys infringe at least one claim of the '131 Patent literally or by equivalents.

35 U.S.C. §§ 271 et seq.; Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17 (1997); Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211-12 (Fed. Cir. 1998).

Second Cause of Action

(Violation of Trademark (Lanham) Act)

In support of Little Kids's claim of trademark infringement, Little Kids is prepared to demonstrate:

1. Little Kids owns the registered mark "Big Bubble Bucket®", U.S. Reg. No. 2492574 (the "Big Bubble Bucket Mark"), which Little Kids first used in commerce and interstate commerce on or before May 31, 1995 in connection with its bubble toy;

2. Imperial has used in interstate commerce the words, "Bubble Bucket" in promoting the sale of bubble blowing toys;

3. Imperial has used the words, "Bubble 'N Sand Bucket", "Bubblin Activity Bucket" and "Lil Bubble Bucket" in commerce in connection with sales of bubble blowing toys; and

4. Imperial's conduct infringes Little Kids's registered Big Bubble Bucket Mark, in that it is likely to cause confusion, is a false designation of origin, and is a false description of the goods, effecting interstate commerce.

15 U.S.C. §1051 et seq.; Volkswagonwerk Aktiengesellschaft v. Wheeler, 814 F.2d 812 (1st Cir. 1987).

Third Cause of Action

(Declaratory Judgment)

There is an actual and justiciable controversy between Plaintiffs and Defendant Imperial, in that:

1. Plaintiffs believe that Defendant will claim it is authorized or licensed to practice the '131 Patent;

2. Plaintiffs deny that Schramm currently licenses or otherwise authorizes Defendant to practice the '131 Patent or to use any other of Schramm's intellectual property rights;

3. Plaintiff Schramm has advised Defendant that any rights it may have had to practice the '131 Patent were terminated 30 days after May 19, 2006, but Plaintiffs are informed and believe that Defendant continues to practice the '131 Patent; and

4. By reason of the foregoing, an actual controversy has arisen and exists between Plaintiffs and Defendant as to whether Defendant has any rights to practice the '131 Patent. 28 U.S.C. § 2201; 35 U.S.C. §§ 271 et seq.

Fourth Cause of Action

(Breach of Contract)

Plaintiff Schramm has alleged that Imperial has no rights to practice the '131 Patent or the '443 Patent, Schramm has alleged in the alternative, that if Imperial has or had any rights pursuant to an agreement with Schramm, Imperial breached that agreement by failing to notify Schramm of sales of infringing product and by failing to pay royalties owed. Plaintiff Schramm is prepared to demonstrate that: (1) if a contract existed between Schramm and Imperial, Imperial breached that contract; and (2) Imperial's breach caused Schramm damages. Restatement Second Contracts; D'Oliveira v. Rare Hospitality Inter'l, 840 A.2d 538, 540 (R.I. 2004). ("'In addition to mutual assent, contract formation also requires mutuality of obligation,

which is achieved 'when both parties are legally bound through the making of reciprocal promises'"); Smith v. Boyd, 553 A.2d 131, 132-134 (R.I. 1989).

Fifth Cause of Action

(Violation of Patent Act as to the '443 Patent)

In support of Plaintiffs' claim that Imperial has infringed and is infringing the '443 Patent, Plaintiffs are prepared to demonstrate:

1. Schramm is the sole owner, and Little Kids is the exclusive licensee, of the valid '443 Patent; and

2. One or more of Imperial's bubble and sand toys infringe at least one claim of the '443 Patent literally or by equivalents.

35 U.S.C. §§ 271 et seq.; Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17 (1997); Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211-12 (Fed. Cir. 1998).

Plaintiffs,

MICHAEL R. SCHRAMM and
LITTLE KIDS, INC.

/s/ Robert D. Fine

Robert D. Fine (# 2447)
Richard D. Zimmerman (#4043)
Douglas J. Emanuel (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

/s/ Robert D. Fine

Robert D. Fine (#2447)

Dated: April 4, 2007

______________________________

James J. Foster (pro hac vice)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel.: (617) 646-8225
Fax: (617) 646-8646
Email: jfoster@wolfgreenfield.com

Dated: April ___, 2007