**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and<br>LITTLE KIDS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL TOY CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-506 S |

**IMPERIAL PRETRIAL CONFERENCE STATEMENT**
**ENUMERATING ELEMENTS TO BE PROVED**
**TO SUSTAIN COUNTERCLAIMS**

Pursuant to Court notice, the Defendant, called "Imperial Toy Corporation" in the complaint, and actually being named Imperial Toy LLC ("Imperial"), submits the following to the Court and opposing counsel as its statement enumerating the elements that must be proved to sustain Imperial's counterclaims, together with citations to the relevant authorities upon which counsel relies.

**Preliminary Statement**

Before enumerating the claim elements and citing to the relevant authorities, Imperial notes to the Court and the Plaintiffs, Michael R. Schramm ("Schramm") and Little Kids, Inc. ("Little") that Imperial's claims are principally matters of California law. The principal issues of the claims concern events in California as Schramm projected himself into California from Utah to license Imperial to his patents that are at issue in this case, and the witnesses to Schramm's actions are in California.

Imperial also notes that Plaintiff's Conference Statement is a "talking document," and in response to it, Imperial states that however the plaintiffs may attempt to diminish seven years and $61,233.07 of patent license payments, Imperial nevertheless made seven years and $61,233.07 in patent license payments to Schramm without protest or complaint, as in the following table, well known to plaintiffs. Needless to say, Schramm cashed all these checks. The consequence is an express patent license and at least an implied license that insulates Imperial from the patent infringement claims of this case. *De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241 (1927); *Wang Laboratories Inc. v. Mitsubishi Electronics America Inc., 103 F.3d 1571,* 41 USPQ2d 1263 (Fed.Cir. 1997).

| **CHECK NO.** | **DATE** | **AMOUNT** | **PAY TO ORDER OF:** | **ROYALTY ACCURAL PERIOD** |
|---|---|---|---|---|
| 106028 | 11/04/99 | 2297.13 | Michael R. Schramm | 01/1998-09/1999 |
| 110754 | 08/18/00 | 1756.09 | Michael R. Schramm | 10/1999-07/2000 |
| 111582 | 11/03/00 | 30.73 | Michael R. Schramm | 08/2000-09/2000 |
| 112536 | 01/26/01 | 466.69 | Michael R. Schramm | 10/2000-12/2000 |
| 113678 | 04/27/01 | 5970.97 | Michael R. Schramm | 01/2001-03/2001 |
| 114765 | 07/27/01 | 1740.38 | Michael R. Schramm | 04/2001-06/2001 |
| 115752 | 10/26/01 | 52.63 | Michael R. Schramm | 07/2001-09/2001 |
| 116816 | 01/29/02 | 303.59 | Michael R. Schramm | 10/2001-12/2001 |
| 117976 | 04/26/02 | 6778.85 | Michael R. Schramm | 01/2002-03/2002 |
| 119318 | 08/07/02 | 3540.31 | Michael R. Schramm | 04/2002-06/2002 |
| 120169 | 10/11/02 | 124.57 | Michael R. Schramm | 07/2002-09/2002 |
| 121472 | 01/24/03 | 82.04 | Michael R. Schramm | 10/2002-12/2002 |
| 122629 | 04/11/03 | 4790.85 | Michael R. Schramm | 01/2003-03/2003 |
| 136032 | 07/25/03 | 2997.01 | Michael R. Schramm | 04/2003-06/2003 |
| 137007 | 10/24/03 | 32.33 | Michael R. Schramm | 07/2003-09/2003 |
| 137931 | 01/23/04 | 59.51 | Michael R. Schramm | 10/2003-12/2003 |
| 139286 | 05/14/04 | 7089.39 | Michael R. Schramm | 01/2004-03/2004 |
| 140216 | 07/30/04 | 1960.48 | Michael R. Schramm | 04/2004-06/2004 |
| 141283 | 11/05/04 | 50.86 | Michael R. Schramm | 07/2004-09/2004 |
| 142288 | 01/28/05 | 29.73 | Michael R. Schramm | 10/2004-12/2004 |
| 143346 | 04/25/05 | 6446.88 | Michael R. Schramm | 01/2005-03/2005 |
| 144615 | 07/29/05 | 2824.61 | Michael R. Schramm | 04/2005-06/2005 |
| 145618 | 10/28/05 | 202.57 | Michael R. Schramm | 07/2005-09/2005 |

| | | | | |
|---|---|---|---|---|
| 146639 | 01/27/06 | 22.19 | Michael R. Schramm | 10/2005-12/2005 |
| 147895 | 05/05/06 | 7568.42 | Michael R. Schramm | 01/2006-03/2006 |
| 148831 | 07/28/06 | 2164.11 | Michael R. Schramm | 04/2006-06/2006 |
| 149990 | 11/28/06 | 1850.15 | Michael R. Schramm | 07/2006-09/2006 |
| | **Total:** | **$61,233.07** | | |

As well, Schramm's patents are reissue patents, and Imperial enjoys rights to continue to use and sell its products pursuant to the intervening rights provided as to reissue patents by 35 U.S.C. § 252, which are in the main mandatory.

As to Little's trademark claims, they are barred by the *res judicata* effect of a past lawsuit brought by Imperial against Little in California. *See* Imperial's Motion to Transfer. As well, "big bubble bucket" as a term for a big bubble bucket is a generic description of the product of Little: the product is a container for liquids with a handle - by definition a "bucket"; it is a bucket for "bubbles," the generic word for liquid bubble solution; and it is a bubble bucket that is big. Since the alleged trademark "big bubble bucket" is generic for its goods of a big bucket that holds liquid bubble solution, the alleged trademark is cancellable and should be canceled by court order at the U.S. Patent and Trademark Office. The proof of genericness is in Little's very own ads, one of which is reproduced in the answer and here.




As well, Imperial and its predecessor have consistently been using combinations of terms including the term "Bucket" with bubble container items since as early as 1994, beginning and continuing with "Fun Bucket," and expanding to "Bubble 'N Sand Bucket," "Bubblin Activity Bucket" and "Lil Bubble Bucket" as evidenced by Defendant's Spring/Summer 1995 through 2007 catalogs. Therefore, if "Bucket" is a trademark term, then since Imperial has been using "Bucket" in commerce prior to Little's use of "big bubble bucket," Imperial is entitled to a concurrent registration for "Bucket" and does not infringe Little's alleged mark. [1]

[1] Little also attempts to impress the court that it is a local business. In response, Imperial notes that it is the successor in interest to Imperial Toy Corporation, founded by a remarkable man and philanthropist, Mr. Fred Kort, now deceased. In his lifetime, after surviving the Holocaust and specifically the Treblinka death camp as a child, see the answer's exhibit B, and after other occupations, id., Mr. Kort started Imperial Toy from nothing and developed the company, to benefit children in their childhoods. He did this in response to his own loss of the joys of childhood. Imperial Toy Corporation and now Imperial Toy LLC have been true to Mr. Kort's vision and have benefited children ever since, with Imperial Toy LLC now being a privately held toy manufacturer that leads the toy industry in domestic toy units shipped and is the worldwide number one producer of children's bubble toys and related products. See the answer's exhibit C. Imperial Toy is the creator and marketer of such brands as Miracle® Bubbles, Super Miracle® Bubbles, Petite Miss® and

The following are the required elements of Imperial's claims, which are present in this case.

**Elements of the First Counterclaim – Breach of Contract**

1. A contract between Imperial and Schramm as to the '131 Patent.

2. Performance by Imperial of the acts required to be performed except as excused or prevented by Schramm's conduct.

3. Breach of contract by Schramm.

4. Resulting damages.

*Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830, 442 P.2d 377 (Cal. 1968).

**Elements of the Second Counterclaim – Declaratory Judgment for the '131 Patent**

1. An explicit threat or action resulting in a reasonable apprehension of Imperial as to being sued by Schramm and Little for infringement of the '131 patent.

2. Presently continued activity that is the subject of the threat or action.

*MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2007)(dismissal reversed); *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152 (Fed. Cir. (Cal.) 2006) (decision against dismissal affirmed).

**Elements of the Third Counterclaim – Declaratory Judgment for the '443 Patent**

1. An explicit threat or action resulting in a reasonable apprehension of Imperial as to being sued by Schramm and Little for infringement of the '443 patent.

2. Presently continued activity that is the subject of the threat or action.

---

Buddy L®, the last brand being that of the line of durable, tough toy trucks well known since 1921. Imperial also holds the exclusive licensing rights to produce bubble toys for Little Tikes® as well as outdoor seasonal Little Tikes® toys. The company has manufacturing and distribution facilities in Memphis, Los Angeles, Mexico and a showroom in New York City at the International Toy Center. It also maintains sourcing and design offices in Hong Kong. Imperial has wide distribution into the children's toy departments of mass-market retailers such as Wal-Mart, Kmart, Walgreens, Target, Kohl's, Toys 'R Us, KB Toys, Kroger and Meijer.

*Eg., MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2007)(dismissal reversed); *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152, 81 U.S.P.Q.2d 1251 (Fed. Cir. (Cal.) Dec 18, 2006) (decision against dismissal affirmed).

**Elements of the Fourth Counterclaim - Intentional Interference with Contract**

1. A contract between Imperial and Schramm as to the ‘131 Patent.

2. Little’s knowledge of the contract.

3. Intentional acts by Little designed to induce a breach or disruption of the contract .

4. Actual breach or disruption of the contract .

5. Resulting damages.

*Imperial Ice Co. v. Rossier*, 18 Cal.2d 33, 112 P.2d 631 (Cal. Apr 29, 1941)(dismissal reversed); ABA Section of Antitrust Law, Business Torts and Unfair Competition Handbook, 2d Edition (2006) at pp.108-116 and cases cited therein.

**Elements of the Fifth Counterclaim – Intentional Interference with Prospective Economic Advantage**

1. An economic relationship between Imperial and Schramm with the probability of future economic benefit or advantage to Imperial.

2. Little’s knowledge of the economic relationship

3. Intentional acts by Little designed to disrupt the relationship.

4. Disruption of the relationship.

5. Resulting damage.

*Buckaloo v. Johnson*, 14 Cal.3d 815, 823, 537 P.2d 865, 122 Cal.Rptr. 745 (Cal. Jul 24, 1975) (dismissal reversed); ABA Section of Antitrust Law, Business Torts and Unfair Competition Handbook, 2d Edition (2006) at pp.108-116 and cases cited therein.

**Elements of the Sixth Counterclaim – Unfair Competition**

1. Competition between Imperial and Little in the sale of bubble products, including no spill bubble buckets and associated toy products including bubbles.

2. Wrongful acts of unfair competition with Imperial.

3. Resulting damages..

*Albillo v. Intermodal Container Services, Inc*., 114 Cal.App.4th 190, 8 Cal.Rptr.3d 350, 362 (2003).

**Elements of the Seventh Counterclaim – Conversion**

1. Imperial's ownership or right to possession of property.

2. Schramm's conversion by a wrongful act inconsistent with the property rights.

3. Damages.

*Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998).

**Elements of the Eighth Counterclaim – Fraud**

1. A material representation by Schramm to Imperial.

2. Schramm knowledge of the falsity of the representation.

3. Schramm intent to cause Imperial to rely.

4. Imperial justifiable reliance.

5. Resulting damages.

*Glenn Holly Entertainment, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir.(Cal) 2003)(summary judgment reversed in part) and cases cited therein; ABA Section of Antitrust Law, Business Torts and Unfair Competition Handbook, 2d Edition (2006) at pp. 152-160 and cases cited therein.

**Elements of the Ninth Counterclaim – Negligent Misrepresentation**

1. A material representation by Schramm to Imperial.

2. Falsity of the representation without regard to Schramm's knowledge of the truth or falsity of the representation.

3. Lack of reasonable ground for believing the representation to be true.

4. Schramm intent to induce Imperial to rely.

5. Justifiable reliance.

6. Resulting damages.

*Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 85-6 (2004) (summary judgment reversed).

**Elements of the Tenth Counterclaim - Unjust Enrichment**

1. Receipt of a benefit by Schramm.

2. Such receipt at the expense of Imperial.

3. Unjust retention of the benefit.

*First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662, 15 Cal.Rptr.2d 173 (1992); 3 Witkin, Summary Cal. Law (9th Ed. 1987).

**Elements of the Eleventh Counterclaim – Trademark Infringement**

1. Use of a word, term, name, etc., or any combination thereof by Little on and in connection with its goods and containers for goods.

2. Use in commerce.

3. Such use likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, and association of Little with Imperial, or as to the origin, sponsorship and approval of Little's goods and commercial activities by Imperial.

4. Resulting injury.

Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a); *see GoTo.com, Inc. v. Walt Disney Co*., 202 F.3d 1199, 1203 (9th Cir. (Cal) 2000)

Dated: April 4, 2007

Respectfully submitted,

/s/ Richard W. MacAdams

Richard W. MacAdams
**MacAdams Wieck DeLuca & Gemma Inc.**
101 Dyer Street, Suite 400
Providence, RI 02903
Tel: (401) 454-8700
Fax: (401) 454-8755

/s/ Charles W. Shifley

Charles W. Shifley
**Banner & Witcoff, Ltd.**
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

Dale A. Malone
**Banner & Witcoff, Ltd.**
28 State Street – 28th Floor
Boston, Massachusetts 02109
Tel: (617) 720-9600
Fax: (617) 720-7601

**Attorneys for Imperial**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served on April 4, 2007 via electronic means upon the following counsel for plaintiffs Michael R. Shramm and Little Kids, Inc.:

Robert D. Fine, Esq.
Chance Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

/s/ Richard W. MacAdams

Attorney for Defendant